CRAIN, Judge.
This is an appeal taken by the City of Baton Rouge and Marvin Castello, Chief, Baton Rouge Fire Department, (appellants), from a judgment of the trial court issuing a writ of mandamus directing appellants to reinstate Timothy Ricca (appel-lee) to his employment.
The instant matter arises as a result of injuries received by appellee on or about August 29, 1979, when he was enrolled in a firefighting school at LSU and was injured in an explosion and fire. Appellee received severe burns over approximately 65% of his body.
Following recuperation, appellee returned to employment with the appellants and worked at several non-firefighting positions. Appellee remained classified as a firefighter.
On January 4, 1983, the Fire Chief for the Baton Rouge Fire Department (Marvin Castello) issued a letter to appellee terminating him under La.R.S. 33:2500, subd. A(13)[1]
Pursuant to La.R.S. 33:2501 [2], appellee perfected an appeal to the Municipal Fire *1034 and Police Civil Service Board (Board). After a hearing on February 1, 1983, the Board overturned the appointing authority and ordered appellee to be reinstated with full back pay from the date of removal.
Following this decision, appellants, on February 16, 1983, perfected an appeal pursuant to La.R.S. 33:2501 from the decision of the Board to the Nineteenth Judicial District Court. However, no judgment has been rendered and the matter is presently pending before that court.
In a letter dated March 2, 1983, Robert Kleinpeter, counsel for appellee, made a formal demand on Fire Chief Marvin Cas-tello to have appellee reinstated as of the date of his termination with full back pay pursuant to the decision of the Board. Ap-pellee was not reinstated and consequently appellee in a separate action filed a petition for a writ of mandamus pursuant to La.C. C.P. arts. 3862 and 3863.
In a judgment rendered May 20, 1983, the trial court made preemptory the alternative writ of mandamus and ordered appellant to reinstate appellee to his place of employment with full back pay to the date of termination. It is from this judgment that appellant appeals alleging one assignment of error. Specifically, appellant alleges the trial court erred in granting the writ of mandamus under the present facts and circumstances.
La.C.C.P. art. 3861 provides as follows:
“Mandamus is a writ directing a public officer or a corporation or an officer thereof to perform any of the duties set forth in Articles 3863 and 3864.”
Under La.C.C.P. art. 3863 a mandamus may be directed to a public officer to compel the performance of a ministerial duty required by law. However, the use of the writ of mandamus is limited to cases where the law provides no relief by ordinary means or where the delay involved in obtaining ordinary relief may cause injustice. La.C.C.P. art. 3862.
Appellee, after being terminated, followed the procedures outlined in La.R.S. 33:2501 and appealed his termination to the Board. After a hearing, the Board rendered a decision ordering that appellee be reinstated pursuant to La.R.S. 33:2501, which provides as follows:
After such investigation, the board may, if the evidence is conclusive, affirm the action of the appointing authority. If they find that the action was not taken in good faith for cause under the provisions of this Part, the board shall order the immediate reinstatement or reemployment of such person in the office, place, position, or employment from which he was removed, suspended, demoted, or discharged, which reinstatement shall, if the board so provides, be retroactive and entitle him to his regular pay from the time of removal, suspension, demotion, discharge, or other disciplinary action. The board may modify the order or removal, suspension, demotion, discharge, or other disciplinary action by directing a suspension without pay, for a given period. (Emphasis added)
This statute creates a mandatory duty on the appointing authority to reinstate immediately any employee that the Board concludes was not terminated in good faith for cause.
Pending appellants’ appeal, appellee is entitled by law to be reinstated with full back pay to the date of removal.
We hold that a writ of mandamus was the proper procedure to enforce the legal authority granted to the Board under La. R.S. 33:2501.
For the foregoing reasons, we affirm the decision of the trial court. All costs are to be paid by the appellant.
Affirmed.

. Sec. 2500. Corrective and disciplinary action for maintaining standards of service
A. The tenure of persons who have been regularly and permanently inducted into positions of the classified service shall be during good behavior. However, the appointing authority may remove any employee from the service, or take such disciplinary action as the circumstances warrant in the manner provided below for any one of the following reasons:
[[Image here]]
(13) The development of any defect of physical condition which precludes the employee from properly performing the duties of his position, or the development of any physical condition that may endanger the health or lives of fellow employees.

. Sec. 2501. Appeals by employees to the board
Any regular employee in the classified service who feels that he has been discharged or subjected to any corrective or disciplinary action without just cause, may, within fifteen *1034 days after the action, demand, in writing, a hearing and investigation by the board to determine the reasonableness of the action. The board shall grant the employee a hearing and investigation within thirty days after receipt of the written request.