489 So.2d 1373 (1986)
Brice ACHORD, et al.
v.
CITY OF BATON ROUGE, et al.
No. CA 86 0059.
Court of Appeal of Louisiana, First Circuit.
May 28, 1986.
Writ Denied September 19, 1986.
*1374 R. Bruce Macmurdo, Baton Rouge, for plaintiffs-appellees Brice Achord, B.E. Arceneaux, A.A. Watts, Herman Garner, Gervais Sharp, Veronica Stephens, Howard Robinson, Peggy Colomb, Rhonda Roubique and D.N. Page.
Murphy J. Foster, III, Baton Rouge, for defendants-appellants City of Baton Rouge, Pat Screen, Mayor of the City of Baton Rouge, L. Paul Dufour, Treasurer for the City of Baton Rouge, Marvin Castello, Fire Chief.
Before LOTTINGER, CARTER and CRAIN, JJ.
CARTER, Judge.
This is an appeal from a judgment of the trial court granting a writ of mandamus ordering defendants to pay plaintiffs an increased salary, as well as compensatory back wages.
The present action was filed on October 18, 1984, by Brice Achord and several other fire communications officers (dispatchers) employed by the Baton Rouge Fire Department against the City of Baton Rouge (City), Pat Screen, L. Paul Dufour and Marvin J. Castello, the mayor, treasurer and fire chief of the City, respectively. Plaintiffs alleged they were entitled under LSA-R.S. 33:1992(9) to receive an increase in salary to a level twenty-five percent above the salaries received by firefighters and compensatory back wages for a period of three years. An additional demand was made by Assistant Chief Fire Communication Officer Brice Achord for an increase in salary to a level fifty percent above that of firefighters.
Following a hearing on November 30, 1984, this matter was taken under advisement. On November 4, 1985, the trial court rendered judgment in favor of plaintiffs ordering defendants to increase the salaries of dispatchers to a level twenty-five percent above that received by firefighters at corresponding step levels. Defendants were also ordered to pay compensatory back wages to plaintiffs for the period from January 1, 1983, until compliance with the court's order, with legal interest from the date of judicial demand until paid. Brice Achord's demand for a salary increase to a level fifty percent above that received by firefighters was rejected. On November 22, 1985, an amended judgment was rendered, correcting a mathematical error made in the original opinion. From this judgment, defendants have appealed, raising the following issue:
1. Did the trial court err in refusing to consider hourly wages in determining whether the salary of dispatchers was at least twenty-five percent above that of firefighters?
In an answer to this appeal, plaintiffs raised the following issues:
1. Whether the enactment of LSA-Civ. Code art. 3494 (by Act 173 of 1983, effective January 1, 1984) extending the prescriptive period for actions to recover wages from one to three years should be given retroactive application.
2. Whether the lowest ranked dispatcher is entitled to a salary twenty-five percent above that received by the highest ranked fireman.
3. Is plaintiff Brice Achord an "assistant chief" within the meaning of LSA-R.S. 33:1992(6), so as to entitle him to receive a salary at least fifty percent above that received by firefighters?

DEFENDANTS' APPEAL

ISSUE ONE
Plaintiffs' claim for an increase in salary and compensatory back wages are based on LSA-R.S. 33:1992(9), which provides as follows:

*1375 A fire alarm operator or dispatcher, or any other person doing this type of work for the fire department, shall receive a minimum monthly salary of not less than twenty-five percent above that of a fireman. (Emphasis added)
A wide variance exists between the hours worked by dispatchers and firefighters, the former normally working 42 hours per week and the latter 56 hours per week. The differential between the current hourly wages received by dispatchers and firefighters exceeds twenty-five percent. However, when the base monthly salaries of each are compared, the salaries of dispatchers are not twenty-five percent above that received by firefighters. In opposition to plaintiffs' demands, defendants argue that hourly wages, rather than monthly salaries, must be compared in determining compliance with this provision.
In support of their position, defendants rely on several federal cases holding that hourly wages must be used to determine compliance with the Federal Fair Labor Standards Act (F.L.S.A.), 29 U.S.C. § 201, et seq. and on Garcia v. San Antonio Metro. Transit Authority, 469 U.S. 528, 105 S.Ct. 1005, 83 L.Ed.2d 1016 (1985), a recent case in which the Supreme Court held the F.L.S.A. is applicable to municipal employees. Defendants argue their position is further supported by the fact hourly wages were a major factor in contract negotiations between the firemen's union and the City.
Each of these arguments is without merit. Garcia and the federal cases relied upon by defendants are not relevant to the present case, which involves the interpretation of a state statute totally unrelated to the F.L.S.A. Further, whatever the basis of the negotiations between the parties, it sheds no light on and can not alter the clear and unambiguous wording and proper interpretation of La.R.S. 33:1992(9).
We believe the result reached by the trial court on this issue was correct. The provision in question clearly states the monthly salary of persons doing the work of dispatchers shall be at least twenty-five percent above the salary received by firefighters. Thus, the hourly wages received by the respective parties are not pertinent to the inquiry before this Court. The question is whether the monthly salary received by dispatchers exceeds the monthly salary received by firefighters by at least twenty-five percent. Accordingly, the trial court was correct in disregarding hourly wages and comparing only the monthly salaries of the respective parties in determining compliance with LSA-R.S. 33:1992(9). This is especially the case when the salary schedule of the City is set forth in monthly amounts (rates).
Despite the reservations this Court has as to the wisdom of LSA-R.S. 33:1992(9), we are bound to apply it as written by the legislature. Where the law is clear and free from ambiguities, we are constrained to apply the law as written.
Good arguments can be made that matters pertaining exclusively to local government bodies might best be left to local governments. This, however, is a matter that addresses itself to the legislative branch of government.
In any event, the record clearly reflects both dispatchers and firemen are paid by the City on a monthly basis (with hourly wages being used to calculate compensation only for certain limited purposes such as severance pay, sick leave and overtime pay), and the monthly salary of the dispatchers is not at least twenty-five percent above that received by firefighters as required by LSA-R.S. 33:1992(9).

ANSWER TO APPEAL

ISSUE ONE
In an answer to defendants' appeal plaintiffs argue the trial court erred in refusing to apply LSA-C.C. art. 3494 retroactively so as to allow them to recover back wages for a period of three years. Prior to the enactment of LSA-C.C. art. 3494, the prescriptive period for an action to recover salaries and wages was one year.[1] LSA-C.C. art. 3494, effective January 1, 1984, *1376 lengthened the prescriptive period for such actions to three years.
Upon filing the instant suit on October 18, 1984, plaintiffs requested recovery of back wages for a period of three years. However, the trial court denied this request, concluding that LSA-C.C. art. 3494 could not be applied retroactively since it lengthened rather than shortened the applicable prescriptive period. We disagree with the trial court's conclusion for the following reasons.
It is well established that in the absence of language to the contrary, statutes of limitation are generally accorded retroactive application since they are remedial in nature. Lott v. Haley, 370 So.2d 521 (La. 1979). However, statutes of limitations are not accorded retroactive application where doing so would operate unconstitutionally to deprive a party of vested rights. Id. The extension of the prescriptive period for actions to recover wages from one to three years does not disturb any vested rights. Carpenter Local U. No. 1846 v. Pratt-Farnsworth, 609 F.Supp. 1302, 1306 (E.D. La.1984). Although most cases in our jurisprudence deal with situations in which prescriptive periods are reduced rather than lengthened, we see no reason for this distinction to make a difference in the rule of retroactive application. See Barfield v. Barfield, 483 So.2d 1085 (La.App. 2d Cir. 1986). The expiration of a prescriptive period merely bars a party's remedy, it does not extinguish the cause of action itself as does peremption. Pounds v. Schori, 377 So.2d 1195, 1198 (La.1979); Schulin v. Service Painting Co. of Louisiana, 479 So.2d 939, 944 (La.App. 1st Cir.1985), writ denied, 481 So.2d 634 (La.1986). Therefore, the legislative extension of a prescriptive period has the effect of removing the bar to a party's judicial remedy. Accordingly, plaintiffs are entitled to recover back wages for a period of three years under LSA-C.C. art. 3494.[2]

ISSUE TWO
Under the City's present plan, dispatchers are classified within the fire department as either Fire Communications Officers I, II or III, Assistant Chief Fire Communications Officer or Chief Fire Communications Officer. The City's plan provides for seven step increases within each of these classifications. There are also seven step increases within the classification of firefighter. Advancement from one step to another within a particular classification is based upon length of service.
Plaintiffs allege the lowest paid dispatcher (FCO I, Step 1) is entitled under LSA-R.S. 33:1992(9) to receive a salary at least twenty-five percent above that of the highest paid firemen (Fireman, Step 7). To the contrary, the trial court concluded dispatchers were only entitled to receive a salary twenty-five percent greater than that of a fireman at a corresponding step level. We conclude the trial court was correct.
There is nothing in LSA-R.S. 33:1992(9) which mandates a different result. The language of this provision merely provides the salary of a dispatcher shall be at least twenty-five percent greater than that of a fireman. The result reached by the trial court is logically consistent with the language of LSA-R.S. 33:1992(9).
Plaintiffs' reliance upon Hemphill v. City of Bogalusa, 417 So.2d 462 (La.App. 1st Cir.1982), is misplaced. In Hemphill, this court held firedrivers in the Bogalusa Fire Department were entitled to receive a salary fifteen percent above that of the highest paid firefighter. However, Hemphill involved interpretation of a contractual provision specifically providing firedrivers were to receive salaries "15% above the highest Firefighter" and is, therefore, clearly distinguishable from the present case.

ISSUE THREE
Plaintiff Brice Achord argues he falls within the contemplation of LSA-R.S. 33:1992(6) which provides that "assistant chiefs and deputy chiefs" are to receive a salary at least fifty percent above that received by firemen. Although Achord is *1377 technically classified as an "assistant chief of fire communications," the trial court concluded he did not come within the contemplation of this provision. We agree.
LSA-R.S. 33:1992(1)-(10) require that there be certain minimum differentials between the salaries received by various fire department personnel and that received by firemen. The fifty percent minimum differential required between the salaries of assistant or deputy chiefs and firemen is the largest provided in this provision. Obviously, therefore, LSA-R.S. 33:1992(6) envisions assistant or deputy chiefs high in the hierarchy of the department who act directly as assistants to the fire chief.
The record clearly reflects Achord does not fall within this category. Fire Chief Castello testified Achord was not his assistant. Further, he indicated there were a number of employees in the department who outranked Achord, but did not have the technical title of assistant or deputy chief.

DECREE
For the above reasons, the judgment of the trial court is affirmed insofar as it held dispatchers are entitled to a monthly salary at least twenty-five percent above that received by firefighters. That portion of the trial court's judgment holding that plaintiffs are entitled to recovery for only one year of back wages is reversed, and it is hereby ordered that plaintiffs be allowed recovery of back wages for a period of three years from the date their petition was filed. This matter is remanded to the trial court for determination of the amount due to each plaintiff in accordance with the views expressed herein. The judgment of the trial court is affirmed in all other respects.
The costs of this appeal in the amount of $541.23 are to be paid by the City of Baton Rouge.
REVERSED IN PART; AFFIRMED IN PART; RENDERED AND REMANDED.
NOTES
[1] LSA-C.C. art. 3534 (prior to repeal by implication by Act 173 of 1983).
[2] If inequities are created, recourse again is with the legislature.