LEBLANC, Judge.
Appellee, James N. Fontenot, has moved to dismiss this unlodged appeal from a decision of the State Civil Service Commission on the basis that it was taken untimely-
The pertinent dates are as follows:
May 2, 1986 — Fontenot filed an appeal of his termination by the Louisiana Department of Culture, Recreation and Tourism (the Department) with the State Civil Service Commission (the Commission).
May 4, 1987 — A decision was rendered by the referee granting Fontenot’s appeal and ordering his reinstatement to his former position. The Department thereafter applied to the Commission for a review of that decision.
July 8, 1987 — The Commission’s order denying the Department’s application for review was filed with the Director of Civil Service.
September 3, 1987 — The Department filed an application with the Commission for appeal to this court.
Article X, section 12 of the Louisiana Constitution provides a final decision of the State Civil Service Commission shall be subject to review on any question of law or fact upon appeal to the court of appeal wherein the Commission is located, upon application filed with the Commission within thirty calendar days after its decision becomes final. The decision of a referee becomes the final decision of the Commission as of the date the decision was rendered if no application for review of the referee’s decision is timely filed with the Commission. If an application for review is timely filed, reviewed and denied, the referee's decision becomes the final decision of the Commission as of the date the application is denied. La.Const. art. X, § 12 (1974, amended 1982). When the Commission issues an order denying an application for review, the referee’s decision becomes the final decision of the Commission when the order denying review is filed with the Director. Civil Service Rule 13.36(f)(1).
In the case sub judice, the Department filed an application with the Commission for a review of the referee’s decision, which was denied. Neither party indicates on the motion to dismiss whether or not the Department’s application was timely. If the application was untimely, the referee’s decision became the final decision of the Commission as of May 4, 1987, the date it was rendered. In that event, the thirty-day appeal delay would have commenced on May 5 and would have expired on Thursday, June 4, 1987.
If the application was timely filed, the referee’s decision became the final decision of the Commission on July 8,1987, the date the order denying the review was filed with the director. The appeal period would then have begun to run on July 9 and would have ended on Friday, August 7, 1987. In either case, the Department’s application for appeal filed with the Commission on September 3, 1987, was clearly untimely. Accordingly, appellee’s motion to dismiss the Department’s appeal should be granted. Costs in the amount of $60.00 should be assessed against the Department.
APPEAL DISMISSED.