BARRY, Judge,
dissenting with reasons.
I prefer the liberal interpretation of the pay statutes and adopt the “remedial and humanitarian” approach enunciated in New Orleans Firefighters v. City Civil Service Commission, 422 So.2d 402 (1982).
ARMSTRONG, Judge, dissenting:
I agree that the New Orleans Civil Service Commission is empowered by La. Const. Art. 10, § 10(A)(1) to adopt a uniform pay plan for firemen. I also agree that this particular power is limited only by the legislature’s plenary authority to provide for minimum wages for firemen. La. R.S. 33:1992 establishes what those minimum salaries shall be. Although in Section (A) the statute specifically states the dollar amount of the minimum monthly salary for a fireman — $400.00—it does not do so for any of the other listed positions, including fire alarm operators, dispatchers, and inspectors. In Subsections (A)(9) and (10) the statute merely states that the minimum salaries for persons in these positions are to be “not less than twenty-five percent above that of a fireman.”
In Achord v. City of Baton Rouge, 489 So.2d 1373 (La.App. 1st Cir.1986), writ denied, 493 So.2d 641 (La.1986), cert. denied, 480 U.S. 932, 107 S.Ct. 1570, 94 L.Ed.2d 762 (1987), the appellate court interpreted La.R. S. 33:1992(A)(9) as fixing the minimum monthly salary of a dispatcher as not less than twenty-five percent above the salary actually received by firefighters — not the four hundred dollar minimum monthly salary of a fireman as provided in Subsection (A)(1). Although the court did not go into a detailed analysis of why it so interpreted the statute, I feel that this interpretation is consistent with the wording of the statute, La. Const. Art. 6, § 14, and Art. 10, § 10, and the opinion of the Louisiana Supreme Court in New Orleans Firefighters Association v. Civil Service Commission of the City of New Orleans, 422 So.2d 402 (La.1982), upon which the majority relies.
La.R.S. 33:1992(A)(9) and (10) can be interpreted as reflective of a legislative intent to set a minimum monthly salary for fire alarm operators, dispatchers, and inspectors as not less than twenty-five percent above whatever a fireman actually receives. There can be no doubt but that the legislature had cause to believe that these services warranted a set percentage higher minimum monthly salary than that received by firemen. Interpreting the statute as the majority has done, the New Orleans Civil Service Commission is free to disregard this clear expression of legislative intent.
If the legislature had intended to limit these minimum monthly salaries to not less than $500.00, it could have clearly stated this. The legislature also could have written Subsections (A)(2) — (10) as “.. not less than_percent above the minimum monthly salary of a firemen as fixed in Subsection (A)(1).”
For these reasons I respectfully dissent.