LOTTINGER, Judge.
The plaintiffs-appellees, employees of the Baton Rouge Fire Department, filed a rule to show cause why defendants-appellants, City of Baton Rouge, its mayor, treasurer, and fire chief, should not be held in contempt of court for their failure to comply with the previous judgment of the court and the decision of the Police and Fire Civil Service Board. Rather than holding the defendants in contempt of court the trial court rendered judgment recognizing the judgment of the civil service board as final and binding on the defendants.
The procedural history of this case is lengthy. Brice Achord and a number of employees of the Baton Rouge Fire Department filed suits against the City of Baton Rouge and its mayor, treasurer and fire chief, seeking writs of mandamus ordering defendants to comply with the minimum salaries set forth in La.R.S. 33:1992. The suits were consolidated, and a trial on the merits was held. On November 4, 1985, the court signed a judgment granting plaintiffs’ request for relief and ordering defendants to increase plaintiffs’ salaries to a level twenty-five percent above that received by firefighters at corresponding step levels. Defendants were also ordered to pay plaintiffs compensatory back wages from January 1, 1983, plus legal interest from date of judicial demand until paid.
Defendants appealed that judgment, and plaintiffs answered the appeal. That portion of the judgment which limited plaintiffs’ recovery to one year of back wages was reversed, and this court ordered that plaintiffs be allowed to recover back wages for a three-year period. In all other respects, the judgment was affirmed. See Achord v. City of Baton Rouge, 489 So.2d 1373 (La.App. 1st Cir.), writ denied, 493 So.2d 641, 642 (La.1986), cert. denied, 480 U.S. 932, 107 S.Ct. 1570, 94 L.Ed.2d 762 (1987).
Thereafter, several other groups of employees of the Baton Rouge Fire Department filed suits against defendants seeking the same relief. In those cases, judgment was rendered which contained the same provisions as the judgment of November 4, 1985.
On May 29, 1987, all of the plaintiffs in the various suits filed rules to show cause why defendants should not be held in contempt of court for failing to comply with the judgments. They alleged that although the City-Parish Council implemented a new pay plan for firemen, plaintiffs were demoted to lower paying step levels. They also contended the mayor had not paid them their back wages. Evidently, the rules were consolidated.
*576 The trial court rendered judgment on the rules on September 18, 1987. The court held defendants were not in contempt of court. It pretermitted judgment on the propriety of the defendants’ action in decreasing the step level of certain employees because it found plaintiffs had not exhausted their administrative remedies. With respect to plaintiffs’ back wages, the court ordered defendants to pay twenty-five percent, plus legal interest, by June 30, 1989. The court further ordered that, in the event enough revenues are received by the City-Parish to allow earlier payment of the installments without creating a deficit in the budget, the payments should be made when the funds are available.
Plaintiffs then brought their complaints regarding the implementation of the new plan before the Municipal Fire and Police Civil Service Board (Board). The Board held a hearing and ordered the city to retroactively restore plaintiffs to the positions they held prior to the adoption of the new pay plan. The City did not appeal the Board’s decision.
In November of 1987, plaintiffs filed a second rule to show cause why defendants should not be held in contempt. They alleged the Board’s order had become final but that the defendants still had not complied with the Board’s decision nor the previous decision of the district court. A hearing was held, and on January 20, 1988, the court signed a judgment which stated as follows:
IT IS ORDERED that as a result of defendant’s failure to appeal within thirty (30) days of the decree of the Municipal Fire & Police and (sic) Civil Service Board rendered on July 30, 1987, a copy of which is attached, said decree is adjudged final and binding upon defendants.
Defendants took writs on that judgment and also moved for a suspensive appeal. In their application for writs, they raised the following issues:
1. Should plaintiffs have brought an “original action” to enforce the award of this administrative board rather than filing a “rule to show cause” in an existing suit in which a final judgment has been rendered?
2. Did the Municipal Fire and Police Civil Service Board have jurisdiction or authority to decide issues concerning rates of pay of firemen; and if the board had no such jurisdiction, is its ruling an absolute nullity from which defendants have no obligation to appeal?
On February 26, 1988, a three-judge panel of this court denied the writ application and stated as follows:
WRIT DENIED. The relator’s proper remedy is by review on appeal. The jurisdiction issue should have been raised by the relator in its appeal from the Board’s decision. The issue of whether or not the proper procedure was followed in enforcement of the judgment should be addressed in the appeal the relator has taken from that judgment.
Plaintiffs then filed a motion to dismiss the defendants’ suspensive appeal. On November 22, 1988, their motion was denied. The supensive appeal is now before this court.
All of the plaintiffs, except Herman S. Robinson, have settled their dispute with the city of Baton Rouge. Additionally, this court was lead to believe, during oral argument, that the back pay judgment of September 18, 1987, has been paid, and that the only issue remaining is that of the decrease in the step level.
ASSIGNMENTS OF ERROR
In their specifications of error on appeal, defendants again question the plaintiffs’ use of summary proceedings to enforce the Board’s ruling and the jurisdiction of the Board.
DISCUSSION
We note ex proprio motu the peremptory exception raising the objection of no cause of action. La.Code Civ.P. art. 927.
The action complained of in this proceeding is the lowering of the step level. This action by defendants was not litigated in the initial proceeding. See Achord v. City *577 What plaintiff of Baton Rouge, supra, complains of is the defendants’ failure to comply with the action of the Board.
“The decision of the board ... shall be enforced forthwith by the appointing authority.” La.R.S. 33:2561. Any employee may take legal action in court to enforce an order of the board. La.R.S. 33:2566. We conclude that if the appointing authority fails to comply with an order of the board, appropriate legal action is necessary for the enforcement of the board’s order. Inasmuch as compliance with an order of a civil service board would amount to the performance of a ministerial duty, mandamus is the appropriate legal action. La.Code Civ.P. art. 3863.
Plaintiff’s petition seeking a ruling of contempt on the part of the City of Baton Rouge for failure to comply with the order of the Board is void of any allegation that plaintiff obtained a writ of mandamus directed to the City to comply with the order of the board. Absent such an allegation, the petition fails to state a cause of action.
Inasmuch as we have been led to believe during oral argument by plaintiff’s counsel that a writ of mandamus was not obtained, we dismiss plaintiff’s petition without prejudice. All costs of this proceeding in both the trial court and in this court, which were not paid pursuant to the settlement previously entered into, are assessed to plaintiff, Herman S. Robinson.
PEREMPTORY EXCEPTION RAISING THE OBJECTION OF NO CAUSE OF ACTION RECOGNIZED AND MAINTAINED, AND PROCEEDING DISMISSED.