566 So.2d 415 (1990)
Howard S. ROBINSON
v.
CITY OF BATON ROUGE, et al.
No. CA 90-0277.
Court of Appeal of Louisiana, First Circuit.
June 26, 1990.
*416 R. Neal Wilkinson, Baton Rouge, for plaintiff-appellee Howard S. Robinson.
Murphy J. Foster, III, Baton Rouge, for defendant-appellant City of Baton Rouge, et al.
Before LOTTINGER, CRAIN and FOIL, JJ.
LOTTINGER, Judge.
This is an appeal by the City of Baton Rouge[1] from a judgment of the trial court ordering the defendants to implement an order of the Municipal Fire and Police Civil Service Board. Plaintiff, Howard Robinson, a Fire Communications Officer (FCO) for the City of Baton Rouge, filed the instant suit seeking a writ of mandamus to compel the defendants to implement the order of the Board. The trial court held in favor of the plaintiff and ordered the defendants to comply with the Board's order, which would require the City to retroactively place plaintiff at the pay plan step level he occupied before a new pay plan was implemented in 1987. This would necessarily entitle the plaintiff to back pay. The City has appealed suspensively.

FACTS
This is the latest and hopefully final chapter in a dispute between the City of Baton Rouge and certain members of its fire department. The dispute began when the fire communications officers and arson officers of the Baton Rouge Fire Department filed suit against the City of Baton Rouge alleging that they were not being paid in accordance with state law. In that suit, Achord v. City of Baton Rouge, 489 So.2d 1373 (La.App. 1st Cir.), writ denied, 493 So.2d 641 (La.1986), cert. denied, 480 U.S. 932, 107 S.Ct. 1570, 94 L.Ed.2d 762 (1987), the trial court held that the plaintiffs were not being paid in accordance with state law. We affirmed with modifications; and after the Louisiana Supreme Court and the United States Supreme *417 Court both declined to hear the case, that judgment is now final.
In response to that judgment the City implemented a new pay plan which does indeed comply with state law. However, when the City implemented the new pay plan it reduced the "step" levels of the firemen affected thereby, so that the net result to them was a very slight increase in pay.
The City of Baton Rouge uses a two tiered pay plan to pay its civil service employees. Under this type of plan each job classification is assigned to a pay "range" number. The higher the "range" number, the higher the pay. Within each "range" there are seven "steps." Individual employees are generally advanced one "step" level each year depending upon their job performance. Once an employee reaches "step" level seven, he can advance no further paywise in that particular job classification.
The increments between pay at different step and range levels are fairly uniform. For example, under the new pay plan an employee in a job at range 18 step 5 receives the same base pay as an employee in a job at range 17 step 6 or range 19 step 4.
Under the new pay plan, the job classifications of the plaintiff officers were moved to higher ranges to comply with the original Achord judgment. That judgment required that FCO's be paid 25% more than firefighters at the corresponding step level. The classification "FCO II" (the plaintiff's classification) was moved from range 13 to range 18, an increase of 5 pay levels at any given step level, and enough to comply with the 25% difference mandated by Achord.
However, the officers affected by the new plan (FCO and arson officers) did not retain their previous step levels but were lowered in step level by approximately the same number as their range was increased under the new plan. For example, the plaintiff was moved from step level 6 to step level 2, a decrease of four levels. Thus the plaintiff, as well as the other officers, only received a small raise instead of the larger one they expected.
Although the plaintiff officers were being paid 25% more than firefighters at the same step as they were under the new pay plan, they were not getting 25% more than firefighters at the step level they had attained prior to implementation of the new plan.
The officers considered this reduction in step level to be a demotion and not a proper compliance by the City with the original Achord judgment. The officers then filed contempt proceedings against the City, but the district court dismissed this suit because the officers had not exhausted their administrative remedies. The officers then took their grievance to the Municipal Fire and Police Civil Service Board, claiming that the step level reductions were demotions or a form of disciplinary action against them for filing their original suit.
The City objected to the jurisdiction or authority of the Board to rule on this matter, but the Board overruled the objection. The Board went on to rule that the step level reductions were in fact disciplinary demotions made without cause and ordered that the officers be returned to their former step level, retroactive to the date the new pay plan was implemented. The City did not appeal the Board's decision, and it has now become final.
Thereafter, the officers again filed contempt proceedings against the City in district court, this time in an attempt to enforce the Board's order. After the district court held that the Board's order was final and binding upon the City, the City sought supervisory writs and suspensively appealed. Achord v. City of Baton Rouge, 542 So.2d 574 (La.App. 1st Cir.1989).
In their application for supervisory writs, the City raised the issue of the jurisdiction of the Board to rule on the issue of the officers pay rates. On February 26, 1988, we denied the application for supervisory writs, stating in part, "[t]he jurisdiction issue should have been raised by the relator in its appeal from the Board's decision." Achord, 542 So.2d at 576.
At this point all of the officers except the plaintiff settled with the City. The settling *418 officers received a percentage of their back pay and were restored to their previous step levels. The plaintiff was restored to his previous step level but has not received any back pay.
With the case in this posture we considered the merits of the City's appeal. Recognizing that the officers had failed to state a cause of action for contempt, we dismissed the proceedings and pointed out that the plaintiff's proper remedy was a writ of mandamus. Achord, 542 So.2d at 577.

TRIAL COURT
The only non-settling officer, plaintiff herein, then filed the instant mandamus proceeding seeking to enforce the Board's order that he be retroactively placed into the proper step level and that he be paid the corresponding back wages. The trial court held in favor of the plaintiff and ordered the City to comply with the Board's order.

SPECIFICATIONS OF ERROR
The City has appealed suspensively assigning the following specifications of error:
1. The trial court erred in ruling that a decision of the Baton Rouge Municipal Fire and Police Civil Service Board, which attempted to amend the pay plan of the City-Parish Council, should be enforced by way of mandamus.
2. The trial court erred in holding that the City should have appealed the unlawful ruling of the Municipal Fire and Police Civil Service Board, to preserve its right to object to that decision.
3. The trial court erred in overruling defendant-appellant's exception of prematurity in failing to require plaintiff-appellee to first exhaust his contractual grievance procedure.
4. The trial court erred in overruling appellants' exception of improper use of summary proceedings and granting mandamus in a case where only a money judgment was sought.

I
By specifications of error one and two, the City contends that mandamus is not the proper method of enforcing the order of the Board, and that they may contest that order even though they have failed to appeal it within the delays allowed by law. We have previously considered both of these issues and neither has merit. Achord, 542 So.2d 574.
The order of the Board, which has now become final, imposes a ministerial duty upon the City, and a writ of mandamus is therefore the proper method of enforcing that order. La.Code Civ.P. art. 3863; Achord, 542 So.2d at 577; Ricca v. City of Baton Rouge, 450 So.2d 1032 (La. App. 1st Cir.1984).
As to the City's right to object to the Board's order, it is well settled that once the delays for appeal have run, an administrative ruling becomes final and is res judicata. Hospital Corporation of America v. Robinson, 506 So.2d 938 (La. App. 1st Cir.1987); Thomas v. Department of Corrections, 430 So.2d 1153 (La.App. 1st Cir.), writs denied, 435 So.2d 432 and 438 So.2d 566 (La.1983). Absent the timely filing of an appeal or petition for judicial review of an administrative ruling, the courts of this state lack jurisdiction to review that ruling. Department of Culture, Recreation and Tourism v. Fontenot, 518 So.2d 1067 (La.App. 1st Cir.1987); Johnson v. Odom, 470 So.2d 988 (La.App. 1st Cir.), writ denied, 476 So.2d 355 (La.1985). Therefore, assignments of error one and two lack merit.

II
In specification of error no. 3, the City contends that the writ of mandamus sought by plaintiff is premature in that plaintiff must first exhaust contractual grievance procedures set out in the contract between the City and the Firemen's Union.
The contract referred to does indeed provide an additional grievance procedure for the plaintiff. However, the grievance procedure set out therein is not mandatory, *419 but merely made available to the plaintiff. Article XII of this contract, entitled "Grievance Procedure" provides in pertinent part: "[i]n addition to the procedure provided under the Civil Service rules and regulations, an employee covered by this Agreement shall have available the following grievance procedure."
Article XII goes on to describe a two step procedure whereby the employee's grievance is heard and ruled upon first by the fire chief, and if still not resolved satisfactorily by the mayor-president of Baton Rouge.
By the plain wording of the contract the grievance procedure set out therein is not mandatory, but is merely supplemental to that provided under Civil Service rules and regulations. Additionally, since the mayor-president and his appointee, the fire chief, are the parties with whom the plaintiff has a grievance with for all practical purposes, and they are also the parties to hear plaintiff's grievance under the additional grievance procedure set out in the contract, to utilize that procedure would be farcical. This assignment of error lacks merit.

III
By its last specification of error the City again contends that mandamus is not the plaintiff's proper remedy. The City's contention here is that the plaintiff is merely seeking a money judgment, i.e. his back wages, and therefore mandamus is not proper.
This argument may have had some merit if the City had complied with the Board's order in all respects, but failed to pay the plaintiff his back wages.[2] If the City had complied with the Board's order, but did not pay plaintiff his back wages, then the plaintiff's only remedy may very well have been an ordinary proceeding to recover his back wages due him by virtue of the Board's order retroactively placing him at a certain step. We do not decide this issue, however, since we do not believe that the City has complied with the Board's order.
The Board ordered the City to "complete the applicable civil service forms to restore the [plaintiff] ... to the [proper] level ...," and to make these changes retroactive to the date the new plan was implemented.[3] While the City has since then placed the plaintiff at the proper step level, the plaintiff claims that he has not been "confirmed" in his step position, that is, the City has not filled out the applicable civil service forms placing him in the proper step nor made these changes retroactive.
If this is in fact the case, as we were lead to believe at oral argument, then mandamus is the proper remedy since the order of the Board has not been complied with. The fact that the plaintiff will be entitled to back wages once the Board's order is implemented, does not change the fact that mandamus is the proper method for enforcing the Board's order. Additionally, the judgment of the trial court which the City is now appealing did not include an order to the City to pay the plaintiff his back wages. Therefore, this assignment of error is without merit.

IV
We have now considered all of the City's assignments of error and found none to have merit; however, we feel compelled to put an end to this protracted litigation by ruling on two issues raised both in the trial court and in this appeal that were not explicitly ruled on by the trial court, nor assigned as error. La.Code Civ.P. art. 2164.

PLAINTIFF'S BACK WAGES
Although the plaintiff asked both the Board and the trial court to award him back wages, neither included an award of back wages in its judgment, even though *420 the plaintiff was clearly entitled to them given the ruling of the Board and subsequent affirmance by the trial court.
It is well settled that when a judgment is silent as to any part of a demand made in litigation that part of the demand is considered to have been rejected. Day v. Warren, 524 So.2d 1383 (La.App. 1st Cir. 1988); Webster v. Terrebonne Parish Council, 515 So.2d 461 (La.App. 1st Cir. 1987), writ denied, 516 So.2d 368 (La.1988).
The plaintiff has not answered the City's appeal nor asked for his back wages in either his brief or at oral argument before this court. This being the case, we cannot award him back wages.
However, we note that the plaintiff is entitled to back wages by law, pursuant to the Board's order. La.R.S. 33:2501, which governs the plaintiff's appeal to the Board in this case, provides in pertinent part:[4]
"C. (1) After the investigation provided for in Subsection B of this Section, the board may, if the evidence is conclusive, affirm the action of the appointing authority. If they find that the action was not taken in good faith for cause under the provisions of this Part, the board shall order the immediate reinstatement or reemployment of such person in the office, place, position, or employment from which he was removed, suspended, demoted, or discharged, which reinstatement shall, if the board so provides, be retroactive and entitle him to his regular pay from the time of removal, suspension, demotion, discharge, or other disciplinary action. The board may modify the order of removal, suspension, demotion, discharge, or other disciplinary action by directing a suspension without pay, for a given period."
La.R.S. 33:2501(C)(1) (emphasis added).
The Board provided that the plaintiff's reinstatement be made retroactive, but did not order the City to pay his back wages. This omission on the part of the Board is inconsequential. Once the Board ordered the plaintiff reinstated retroactively, he was automatically entitled to his back wages by statute.
Subsection 2501(C)(1) gives the Board the discretion to reinstate a civil service employee retroactively if it finds that he was dismissed without cause; it does not give the Board the same discretion with regard to back pay, once it has been decided to reinstate the employee retroactively. The statute provides that the "reinstatement shall, if the board so provides, be retroactive and entitle him to his regular pay from the time of removal...." La.R.S. 33:2501(C)(1) (emphasis added). Therefore, the Board's discretion is to either reinstate the employee retroactively with back pay, or to not make his reinstatement retroactive.[5]
If the Board feels that an employee is not entitled to back pay, it should either not reinstate him retroactively, or it should modify the action taken by the appointing authority and impose a suspension without pay. La.R.S. 33:2501(C)(1). Therefore, although we cannot award the plaintiff back pay because he did not answer this appeal and ask for it, we hold that he is entitled to it pursuant to the Board's order and La. R.S. 33:2505(C)(1).

JURISDICTION OF THE BOARD
The City's main argument throughout these proceedings has been that the Municipal Fire and Police Civil Service Board lacked subject matter jurisdiction to issue the ruling that it did, because it altered the pay plan established by the City-Parish Council.
*421 A judgment rendered by a court which lacks subject matter jurisdiction is absolutely null and may be attacked collaterally at any time before any court by any person with an interest therein. Tracy v. Dufrene, 240 La. 232, 121 So.2d 843 (1960); Ledford v. Pipes, 507 So.2d 9 (La.App. 2nd Cir.1987); Schnatz v. Schnatz, 501 So.2d 318 (La.App. 5th Cir.), writ denied, 504 So.2d 877 (La.1987); Schniebolk v. Goldstein, 409 So.2d 1250 (La.App. 4th Cir. 1982); Hendershot v. Hendershot, 407 So.2d 93 (La.App. 2nd Cir.1981); LeGlue Buick, Inc. v. Smith, 390 So.2d 262 (La. App. 3rd Cir.1980). We hold that the same rule applies to a ruling by an administrative commission. Therefore, it was proper for the City to attack the validity of the Board's order based upon allegations of lack of subject matter jurisdiction, and this issue was properly before the trial court.
The trial court did not specifically rule on this issue in its judgment, and therefore the City's argument is considered to have been rejected by the trial court. Day; Webster. The City did not assign the trial court's implied ruling on this issue as an error, but since they have consistently raised this issue all along, and devoted a substantial portion of their brief to it, and since subject matter jurisdiction by the Board is essential to the validity of the Board's ruling, we will consider their argument.
The City contends that the ruling of the Board improperly modified the pay plan implemented by the City-Parish Council and that the Board lacks jurisdiction to do this. The City concedes that the Board does have authority to consider demotions or other disciplinary actions implemented by the City-Parish Council. See La.R.S. 33:2477 and La.R.S. 33:2537. Thus, if the lowering of the plaintiff in step levels while raising him to a higher range constitutes a demotion or some form of disciplinary action, then the Board did have subject matter jurisdiction and its order is valid.
We recently considered a scheme by the State to avoid the effect of a new pay plan promulgated by the State Civil Service Commission, that was almost identical to what the City of Baton Rouge is trying to get away with here, except that it involved the State Civil Service System.
In Thoreson v. Department of State Civil Service, 433 So.2d 184 (La.App. 1st Cir.), writ denied, 440 So.2d 726 and 727 (La.1983), the State Civil Service Commission enacted a new pay plan which was intended to provide a pay raise to state civil service employees. Because of state fiscal problems, the governor ordered that the plan only be partially implemented.
Under this partial implementation, no employee was allowed to receive a raise greater than the equivalent of two and one half steps. This resulted in some employees being placed in a lower step than they had previously attained, while remaining in the same job classification, albeit in a higher range.
One effect of lowering the Thoreson plaintiffs in step level was that employees who were promoted up to the plaintiffs' classification after the new pay plan was implemented could potentially earn more than one of the plaintiffs, i.e. be placed at a higher step level, even though they had less experience. Thoreson, 433 So.2d at 199. This same situation could have potentially occurred in the instant case before the plaintiff was restored to the proper step level.
In Thoreson we characterized the reduction in step levels as a demotion and held that the partial implementation of the plan, which included these demotions, was unconstitutional as violative of the basic ideals and purposes of our merit based civil service system. Thoreson, 433 So.2d at 202.
Likewise, the plaintiff's reduction from step level 6 to step level 2 was, under these circumstances, a demotion. The plaintiff, who at the time the new pay plan was implemented had been an FCO for nearly seven years and had advanced to step level 6, was moved down to step level 2 even though his classification (FCO II) did not change. Prior to the plaintiff being moved back up to step level 7 (the level he would have by then attained under the old pay plan) the potential existed for other employees *422 in the same classification (FCO II), with less seniority than plaintiff, to earn more than him.
We do not mean to say that anytime an employee is lowered in step level, that he has been demoted. For example, an employee moving from one job classification to a higher one, e.g. from FCO I to FCO II, may very well be reduced in step level and yet this would not be considered a demotion. However, the plaintiff in this case did not go to a higher job classification; he was, and still is an FCO II. We hold that a reduction in step level without a simultaneous change to a higher job classification constitutes a demotion within the meaning and spirit of the civil service system.
While it is true that in this case the pay range level for plaintiff's job classification was increased, this is not the same as moving the plaintiff to a higher job classification, such as FCO III. The pay range level for plaintiff's job classification was only increased pursuant to the order of this court in the original Achord decision, which mandated that FCO's be paid twenty-five percent more than firefighters at the corresponding step level pursuant to statute. Achord, 489 So.2d at 1373. The plaintiff and the other officers were reduced in step level in an attempt by the City to circumvent or nullify the effect of that decision.
Since the reduction in step level of the plaintiff constituted a demotion, the Board had subject matter jurisdiction and authority to issue the ruling that it did, and thus it is valid and will be enforced.
Therefore, for the above and foregoing reasons, the judgment of the trial court is affirmed. Costs of this appeal are to be paid by the appellant, City of Baton Rouge in the amount of $477.09.
AFFIRMED.

*423 APPENDIX A

NOTES
[1] Named as defendants are the City of Baton Rouge, Tom Ed McHugh, mayor of the City of Baton Rouge, and Fire Chief Thomas Woods. Only the city of Baton Rouge appealed the judgment of the trial court.
[2] The Board's order did not include the paying of back wages. It only required the fire chief to retroactively place the plaintiff at a certain step level. It is the implementation of this order which will necessarily entitle the plaintiff to back wages.
[3] Minutes of the Baton Rouge Municipal Fire and Police Civil Service Board, July 30, 1987. The complete text of these minutes which includes the ruling of the Board is attached as Appendix A to this opinion.
[4] La.R.S. 33:2501(C)(1) (emphasis added). This section governs appeals to Municipal Fire and Police Civil Service Boards for large municipalities. La.R.S. 33:2561, which governs appeals to Municipal Fire and Police Civil Service Boards for small municipalities, parishes and fire protection districts, contains language essentially identical to the quoted portion of § 2501.
[5] In Scrantz v. Baton Rouge Municipal Fire & Police Civil Service Board, 543 So.2d 1105 (La. App. 1st Cir.1989), we stated in footnote two that "the Board has discretion as to whether a reinstated employee is to receive back pay." We do not now retreat from that statement. The Board may award back pay to, or withhold it from, a reinstated employee, simply by making his reinstatement retroactive or not.