hLeBLANC, Judge.
This is an appeal by the City of Baton Rouge from a trial court judgment in plaintiffs’ favor. This class action suit is a result of a wage dispute between members of the Baton Rouge Fire Department and the City of Baton Rouge. Members of the Fire Department have alleged that the City has not paid them in accordance with state law.
All issues raised in this suit were settled by the parties except the promotion/step issue which was severed and tried before the trial judge on written and oral stipulations.
By minute entry on December 28, 1990, the trial judge rendered judgment in plaintiffs’ favor. From this adverse ruling, the City appealed.
La.R.S. 33:1992 A[1] provides, in pertinent part:
The minimum monthly salaries of firemen ... shall be in accordance with the following schedule ...:
[[Image here]]
(2) Engineers shall receive a minimum monthly salary of not less than ten percent above that of a fireman.
(3) Lieutenants shall receive a minimum monthly salary of not less than fifteen percent above that of a fireman.
|2(4) Captains shall receive a minimum monthly salary of not less than twenty-five percent above that of a fireman.
(5) Battalion chiefs and district chiefs shall receive a minimum monthly salary of not less than forty percent above that of a fireman.
(6) Assistant chiefs and deputy chiefs shall receive a minimum monthly salary of not less than fifty percent above that of a fireman.
The plaintiffs argued, and the trial court agreed, this statute mandated that, upon promotion from Fire Fighter to Fire Equipment Operator, an employee is entitled to receive an immediate, minimum salary increase of ten percent.
At all times pertinent herein, the City utilized a step, matrix-based, pay plan as described in Robinson v. City of Baton Rouge, 566 So.2d 415, 417 (La.App. 1st Cir.1990):
Under this type of plan each job classification is assigned to a pay “range” number. The higher the “range” number, the higher the pay. Within each “range” there are seven “steps.” Individual employees are generally advanced one “step” level each year depending upon their job performance.
Movement from step to step within a classification is not considered a promotion. A *537 promotion is movement from one classification to another.
The effect of the seniority system utilized for promotions within the Fire Department is that a Fire Fighter generally has been at step seven, the highest step within the Fire Fighter range, for approximately three years before promotion to Fire Equipment Operator. To determine the pay increase for an employee promoted from Fire Fighter to Fire Equipment Operator, the City applies Personnel Rule IV, Section 3, which provides:
When an employee is promoted, his pay shall be fixed at the next higher step or at the minimum rate for the new class whichever is the higher.
The Pay Plan of the City of Baton Rouge, effective January 1, 1987, provided in part:
[[Image here]]
Therefore, upon promotion the employee receives a $59.00 increase in his monthly salary, from $1498.00 (Fire Fighter, step seven) to $1557.00 (Fire Equipment Operator, step five). This is approximately a 4 percent increase.
Plaintiffs maintained that La.R.S. 33:1992 mandates that upon promotion, a step seven Fire Fighter should receive a minimum ten percent increase of $149.80, from $1498.00 to $1647.80 per month. Since this amount is not represented on the pay plan, they argue the promoted employee must be increased to the next higher step of $1691.00.
The City argues La.R.S. 33:1992 does not mandate a percentage increase upon promotion and that, because there are no state laws which require a percentage increase upon promotion, the City’s pay plan is legal and binding upon it and its employees.
Plaintiffs rely on Achord v. City of Baton Rouge, 489 So.2d 1373 (La.App. 1st Cir.), writ denied, 493 So.2d 641 (1986), cert. denied, 480 U.S. 932, 107 S.Ct. 1570, 94 L.Ed.2d 762 (1987), wherein this Court affirmed the holding that the percentage increase mandated by La.R.S. 33:1992 was to be applied on a step by step basis. In Ac-hord, 489 So.2d at 1376, we stated:
Plaintiffs allege the lowest paid dispatcher (FCO I, Step 1) is entitled under LSA-R.S. 33:1992(9) to receive a salary at least twenty-five percent above that of the highest paid firemen (Fireman, Step 7). To the contrary, the trial court concluded dispatchers were only entitled to receive a salary twenty-five percent greater than that of a fireman at a corresponding step level. We conclude the trial court was correct.
There is nothing in LSA-R.S. 33:1992(9) which mandates a different result. The language of this provision merely provides the salary of a dispatcher shall be at least twenty-five percent greater than that of a fireman. The result reached by the trial court is | logically consistent with the language of LSA-R.S. 33:1992(9).
However, our reading of La.R.S. 33:1992 and Achord does not dictate a ten percent wage increase upon promotion from Fire Fighter to Fire Equipment Operator. As applied in the instant case, Achord simply stands for the proposition that Fire Fighters and Fire Equipment Operators, if at a corresponding step level, must have a pay differential of ten percent. Contrary to plaintiffs’ argument, Achord specifically rejected the idea of requiring the statutorily mandated pay differentials to be applied to differing step levels. Achord, 489 So.2d at 1376.
A Fire Fighter who has attained the level of step seven has done so based, in large part, on his job performance as a Fire Fighter. After promotion, his step advancement as a Fire Equipment Operator will be based on his job performance as an Equipment Operator. Step increases within a classification recognize an employee’s accomplishments within that classification, not his accomplishments within a classification at *538 which he was once employed or to which he might be promoted. We know of no authority which requires the City’s pay plan, upon an employee’s promotion to a higher classification, to maintain the employee at the step level he had attained while at the lower classification.
That an employee’s step level may be lowered upon promotion to a higher 'classification was clearly anticipated as a possibility by this court in Robinson, 566 So.2d at 422, when we stated:
We do not mean to say that anytime an employee is lowered in step level, that he has been demoted. For example, an employee moving from one job classification to a higher one, e.g. from FCO I to FCO II, may very well be reduced in step level and yet this would not be considered a demotion. [Emphasis added.]
Robinson went on to reiterate the holding of Achord, stating that the statutorily mandated pay differentials between Fire Fighters and higher classified positions are for “corresponding step level[s]”. Robinson, 566 So.2d at 422.
IsWhen a Fire Fighter is promoted to a Fire Equipment Operator, La.R.S. 33:1992 does not require that he be moved to the corresponding step level at the higher classification and that he be given a mandated percentage wage increase. Therefore, for the reasons given above, the judgment of the trial court is reversed. Costs of this appeal are to be paid by plaintiffs.
REVERSED.
EDWARDS, J., dissents.
I believe the statute (RS 33:1992) requires that when a fireman becomes an engineer he is to be paid not less than 10% above what he was earning as a fireman.

. The Pay Plan of the City of Baton Rouge and Parish of East Baton Rouge uses the class title of "Fire Fighter” and "Fire Equipment Operator”. These are equivalent to “fireman” and "engineers” contained in La.R.S. 33:1992.