| ¿THOMAS F. DALEY, Judge.
The plaintiffs, current or former firefighters at the defendant fire department, have appealed the trial court’s grant of summary judgment in favor of the defendant, denying plaintiffs additional pay for having the title of certain ranks. For the reasons that follow, we affirm in part and reverse in part.
FACTS:
Plaintiffs, Christopher Baldwin, Dion Ranatza, Floyd Troulliet, Jr., Martin Palmer, and Lawrence Amedio, are all current or former paid employees of the defendant, Live Oak Manor Volunteer Fire Co., Inc. d/b/a the Live Oak Manor Volunteer Fire Department, Fire District No. 7 (hereinafter Live Oak). These plaintiffs, along with four additional plaintiffs, filed suit against Live Oak seeking payment for vacation time, 2% longevity pay raises, and additional salaries for certain officers who obtained certain ranks as per LSA R.S. 33:1991 et seq. The trial court granted Summary Judgment in favor of plaintiffs awarding longevity pay and vacation pay and those judgments are not part of this appeal. The trial |acourt’s grant of Summary Judgment in favor of defendant regarding plaintiffs’ request for minimum salaries based on rank forms the basis of this appeal.
Live Oak is a nonprofit corporation which, by contract provides fire protection and rescue services to Fire District No. 7 in and around the unincorporated town of Waggaman. Live Oak is 99% funded by a millage collected from Jefferson Parish citizens. The protection services are provide via volunteers and paid employees.
LAW AND DISCUSSION:
On appeal, plaintiffs allege that the trial court erred in granting Summary Judgment in favor of Live Oak and claim that they are entitled to differential pay for their work as firefighters with rank pursuant to LSA R.S. 33:1992(A), which provides in pertinent part:
The minimum monthly salaries of firemen in municipalities having a population of twelve thousand or more and of all parish and fire protection district paid firemen, including salaries payable out of the avails of any special tax provided by the Constitution of Louisiana for increasing the pay of firemen, shall be in accordance with the following schedule, and such salaries shall be paid *298 semi-monthly not later than the fifth and twentieth day of each calendar month:
(1) A fireman shall receive a minimum monthly salary' of four hundred dollars per month.
(2) Engineers shall receive a minimum monthly salary of not less than ten percent above that of a fireman.
(3) Lieutenants shall receive a minimum monthly salary of not less than fifteen percent above that of a fireman.
(4) Captains shall receive a minimum monthly salary of not less than twenty-five percent above that of a fireman. •
(5) Battalion chiefs and district chiefs shall receive a minimum monthly salary of not less than- forty percent above that of a fireman.
(6) Assistant chiefs and deputy chiefs shall receive a minimum monthly salary of not less than fifty percent above that of a fireman.
14(7) A mechanic or assistant mechanic, or any other person doing this type of work for the fire department, shall receive a minimum monthly salary of not less than twenty-five percent above that of a fireman.
(8) A superintendent of fire alarm system, or any other person doing this type of work for the fire department, shall receive a minimum monthly salary of not less than forty percent above that of a fireman.
(9) A fire alarm operator or dispatcher, or any other person doing this type of work for the fire department, shall receive a minimum monthly salary of not less than twenty-five percent above that of a fireman.
(10) A fire inspector shall receive a minimum monthly salary of not- less than twenty-five percent above that of a fireman.
Live Oak filed a Motion for Summary judgment claiming that the titles given to these plaintiffs were honorary in' nature and given only to establish a chain of command to determine who would take command upon initially arriving at a fire scene. Live Oak argued that no additional duties were performed by plaintiffs in connection with their titles. In support of their Motion for Summary Judgment, Live Oak submitted an affidavit of Elvis Smith, the Fire Chief of Live Oak. In this affidavit Chief Smith attests that these five plaintiffs were appointed or elected to certain positions as follows:
1. Lawrence Amedio was appointed District Chief in 1995, 1997, and 1999;
2. Christopher Baldwin was appointed Captain in 1997 and Lieutenant in 1996;
3. Floyd Troulliet was elected Rescue Chief in 1996;
4. Dion Ranatza was appointed Assistant Chief in 1995 and elected Assistant Chief in 1997;
5. Martin Palmer was elected Fire Prevention Chief in 1997;
6. District Chiefs are directly under Assistant Chiefs and Deputy Chiefs and neither Palmer nor Troulliet performed the duties • of Distinct Chief, nor did they assist the Assistant Chief or Deputy Chief;
7. There were only two or three people on duty per 24 hour shift and when arriving at a fire scene if the Chief was not present, the highest ranking officer would take command until relieved.
- |RLive Oak also submitted the deposition testimony of plaintiffs: Dion Ranatza testified that he was elected Rescue Chief *299 from 1991-1995. He was then appointed Assistant Chief in 1995 and still held that position at the time of his deposition.
Floyd Troulliet testified that he was elected Rescue Chief in 1995 or 1996 and remained in that position until March 2001. Lawrence Amedio testified that he was appointed District Chief in 1995 and was reappointed every two years since then. Martin Palmer testified that he was elected Fire Prevention Chief and held that position for four years.
Christopher Baldwin testified that he was appointed Lieutenant by the Chief when he was a volunteer firefighter. After becoming a paid firefighter, he was appointed Captain and Communications Officer.
Plaintiffs filed a Motion for Summary Judgment stating that each of them was a fireman under LSA R.S. 33:1991 and as such were entitled to additional pay for the ranks they held as per LSA R.S. 33:1992. In support of this motion, plaintiffs submitted portions of the same depositions submitted by Live Oak stating the positions they held and describing duties associated with those positions. Plaintiffs also submitted affidavits attesting to specific duties related to their respective positions. Portions of the by-laws of Live Oak were submitted by both parties.
At the hearing on the motions, the trial judge questioned Live Oak’s attorney regarding the procedure used for obtaining ranks. Live Oak admitted there was no testing or interview process used to achieve rank. The trial judge asked for a paper trail showing how a fireman came to occupy the position of chief or assistant chief and Live Oak responded it’s not handled that way. In granting Live Oak’s Motion for Summary Judgment, the trial court stated that he was concerned about using public funds for pay increases when the procedure used whereby increases in | fipay could be determined internally without examination or interviews and without certification and can be done by the whim. of the person in charge or a vote.
Plaintiffs are firemen as defined by R.S. 33:1991 in that they were employed or engaged full-time by a nonprofit corporation under contract with a fire protection district. This appeal requires a ruling on the application of R.S. 33:1992, which sets forth the minimum salaries for firemen, as well as salary differentials for those firemen who hold the position of certain enumerated ranks. There are no statutes in this section that provides the process by which a fireman achieves certain ranks. We acknowledge that firemen employed by a municipality with a civil service system must meet certain criteria for achieving positions of rank. However, Live Oak does not operate under a civil service system.
Live Oak argues that plaintiffs are not entitled to pay differential based on rank because these positions can be held by volunteer firemen. The record makes it clear that several of the positions held by plaintiffs have been held by volunteer firemen. We are not persuaded by this argument because volunteer firemen are not firemen as defined by R.S. 33:1991, therefore, the salary provisions of R.S. 33:1992 do not apply to volunteer fire fighters regardless of rank.
Live Oak further argues that the plaintiffs are not entitled to increased minimum pay because they have not performed the duties associated with each enumerated rank. We are not persuaded by this argument because the job description of each rank is not spelled out in the statute, nor is there a statutory requirement that Live Oak used the rankings set for the in R.S. 33:1991. The statute clearly states if a fireman is assigned a designated rank, he *300 or she is entitled to a pay differential. Since the language of R.S. 38:1991 is clear and unambiguous it must be applied as written.
With regard to Fire Prevention Chief Palmer and Rescue Chief Troulliet, Live Oak argues that they are not entitled to the minimum salaries requested |7because the job titles they held are not listed in the statute. We agree. R.S. 33:1992(1)-(10) clearly provides for certain minimum differentials between the salaries received by various enumerated ranks. There is no provision for a salary differential for personnel holding ranks not specifically enumerated in the statute. See Ac-hord v. City of Baton Rouge, 489 So.2d 1373 (La.App. 1 Cir.1986). When a law is clear and unambiguous, the Courts are required to apply that law as written. Id. For this reason, the portion of the summary judgment denying Mr. Palmer and Mr. Troulliet an increase in pay is affirmed.
With regard to the base level pay to be used to determine differential pay due plaintiffs, Ranatza, Amedia, and Baldwin, we agree with their position that salary paid to a firefighter hired closest to the time each of these plaintiffs were assigned their ranks should be used as the base salary. See Haskin v. City of Lafayette, 613 So.2d 1015, (La.App. 3 Cir.1993). However, we find the record contains insufficient evidence to allow this court to determine the correct amount due plaintiffs, Ranatza, Amedia, and Baldwin.
For the foregoing reasons, the trial court’s grant of Summary Judgment in favor of Live Oak is affirmed with regard to plaintiffs, Palmer and Troulliet. The trial court’s grant of Summary Judgment in favor of Live Oak with regard to plaintiffs, Ranatza, Amedia, and Baldwin, is reversed and Summary Judgment is hereby entered in their favor granting their claims for minimum salary based upon rank. This matter is remanded to the trial court for proceedings consistent with this opinion.

AFFIRMED IN PART; REVERSED IN PART; MATTER REMANDED.