417 So.2d 462 (1982)
Michael HEMPHILL and Bogalusa Professional Firefighters Association, Local No. IAFF 687, et al.
v.
The CITY OF BOGALUSA, Louisiana.
No. 14968.
Court of Appeal of Louisiana, First Circuit.
June 29, 1982.
*463 Dale E. Branch, Bogalusa, for plaintiffs.
John N. Gallaspy, Bogalusa, for defendant-appellant.
Before LOTTINGER, EDWARDS and SHORTESS, JJ.
SHORTESS, Judge.
The Bogalusa Firefighters Association, Local 687 (plaintiffs-appellees) filed suit against the City of Bogalusa (defendant-appellant) seeking to have their state supplement pay included within the computation of certain pay differentials. They further sought enforcement of an addendum to their labor contract, which provided that if any City employee received a raise, the firemen would also receive same.
The trial judge found in favor of plaintiffs on the pay differential issue, but held that the addendum had never become legally effective, because it had not been ratified by the City Council, as required by the Bogalusa City Charter. From this judgment, *464 the City appeals, alleging the trial judge was incorrect in concluding that the State supplement was part of a fireman's salary and also in holding that the differential percentages should be applied to the minimum actually paid the highest ranked firefighter. Plaintiffs answered the appeal maintaining that the trial court erred in not enforcing the addendum to their contract.
ISSUE ONE
The first issue is whether the State supplemental pay should be considered part of the "salary" of a fireman and be used in computing the pay differentials outlined for the different ranks in the Firefighters Association.
The City and the firemen entered into a labor contract on August 21, 1978, which requires that pay differentials be maintained among the different ranks of firemen; namely, firefighters, drivers, captains, and assistant chiefs. The contract basically tracks the provisions set forth in La.R.S. 33:1992[1], and indicates that the percentage differentials listed in the contract were to be kept in accord with those in the statute. La.R.S. 33:1992, entitled,
"Minimum salaries," provides in pertinent part:
The minimum monthly salaries of firemen in municipalities having a population of twelve thousand or more and of all parish and fire protection district paid firemen, ... shall be paid in accordance with the following schedule, ...:
(1) A fireman shall receive a minimum monthly salary of four hundred dollars per month.
(2) Engineers shall receive a minimum monthly salary of not less than ten percent above that of a fireman.
(3) Lieutenants shall receive a minimum monthly salary of not less than fifteen percent above that of a fireman.
(4) Captains shall receive a minimum monthly salary of not less than twenty-five percent above that of a fireman.
(5) Battalion chiefs and district chiefs shall receive a minimum monthly salary of not less than forty percent above that of a fireman.
(6) Assistant chiefs and deputy chiefs shall receive a minimum monthly salary of not less than fifty percent above that of a fireman.
The statute further provides for differentials among various other ranks and then states:
From and after the first day of August, 1962, each member of the fire department who has had three years continuous service shall receive an increase in salary of two percent and shall thereafter receive an increase of two percent for each year of additional service up to and including twenty years. Both the base pay and accrued longevity shall be used in computing such longevity pay.
The basis of the State supplemental pay is found in La.R.S. 33:2002:
In addition to compensation now paid by any municipality, parish, or fire protection district maintaining a fire department to any employee of such department (the employee) ... shall be paid extra compensation by the State....
and La.R.S. 33:2004(D) states:
The additional compensation paid by the state to municipal or parish fire department employees as provided by this Sub-Part shall be included in the calculation and computation of the total wages paid to the employee in the determination of employer contributions to any retirement system or pension fund of which such employee may be a member as well as in the determination of retirement eligibility and benefits which may accrue to the employee under any retirement system or pension fund, as well as in the determination of any other employee benefits, sick leave, or disability pay to which the employee might be entitled.
*465 We agree with the trial judge that this statutory language "clearly indicates that the State supplement is to be considered a part of the total salary," of a fireman.
Mrs. Carolyn Miller, the payroll computer operator for the City, testified that the State supplement checks are sent to the various departments of City employees and then disbursed to the firemen. She stated that the City withholds pension and withholding tax from the State supplement; that the supplement is used in computing retirement benefits, income tax benefits, and overtime pay; and that the supplement is used determining the 2% annual raise, provided in R.S. 33:1992.
In Hebbler v. New Orleans Fire Department, 310 So.2d 113 (La.1975), the Supreme Court held that the State supplemental pay was part of the salary due to a fireman who was reinstated after an illegal discharge.
We find that the State supplemental pay is part of a fireman's salary for purposes of determining pay differentials.
A secondary question concerns how the differential percentages are to be applied. The City argues that the differentials should be applied to the $400.00 per month minimum salary, provided in La.R.S. 33:1992. Its language has not been changed since its effective date in 1969. In most cases, it no longer represents the minimum salary actually paid a fireman.
The trial judge stated:
Even though the percentage differentials are for minimum salaries, the differentials are applicable from the minimum actually paid firemen by the municipality where that minimum exceeds the $400.00 minimum established by the statute. The statute clearly intends to establish percentage differentials between the minimum wages of different classes of firefighters. If the percentage differential were applied only to the $400.00 figure of R.S. 33:1992(1), which has not been amended since 1969, clearly in every fire department in the state the differential would be eliminated by the increase of the minimum salary paid firemen.
The minimum salary actually paid is the correct base. We find this conclusion in accord with the intent of the statute, and support the trial judge's determination.
The contract provides for the minimum salary of firefighters in seven different classifications, the highest being a firefighter with three years' service. The rank ahead of a firefighter with three years' service is driver. In an effort to keep the contract in line with the percentages outlined in La.R.S. 33:1992, the contract states:
If the span between ranks develops in such a manner to be out of line with the percentages set forth in the Fire and Police Civil Service Law, the salaries which are out of line will be adjusted upward to bring them in line: (a) Fire Driver: 15% above the highest Firefighter; (b) Fire Captain: 25% above the highest Firefighter; and (c) Assistant Chief: 50% above the highest Firefighter. (Emphasis ours.)
The trial judge interpreted the language, "highest Firefighter," as an attempt in the contract to provide differentials between the highest ranked firefighter (firefighter No. 7) and the next rank, driver. This construction is consistent with the intent to keep the percentages in line with La.R.S. 33:1992. The result is a pay differential between the three-year firefighter and the fire driver of 15%, as the statute and the contract provide. Without this interpretation, a three-year firefighter might have a salary closely equivalent or exceeding that of a driver.[2] This obviously was not the intent of the statute or the contract.
We agree with the trial judge that the State supplement is part of the "salary" of a fireman, and further, that the differentials are to be applied to the minimum salary actually paid to the highest ranked firefighter.
ISSUE TWO
The second issue is the legal effect of the addendum to the labor contract between *466 the City and firefighters. The addendum was signed by Michael Hemphill, President of the Local, and by the Mayor of Bogalusa, on July 31, 1979. It provides in pertinent part:
The parties to the above agreement hereby agree to amend the terms of said agreement to provide the following:
ARTICLE XXVIPAY EQUALIZATION:
If the Employer were to grant a pay raise to any other City employee, said pay raise will be granted to members of Bogalusa Firefighters Local 687.
The trial judge, in his well-reasoned opinion, decided that the addendum had not become legally effective, because it was never ratified by ordinance of the City Council, as required under the Bogalusa City Charter. We have reviewed the evidence on this issue, and find that the trial judge was correct in his analysis. Accordingly, we adopt his written reasons on this issue:
"PAY EQUALIZATION
All parties apparently agree that although the contract between the City and Firemen was to expire in July of 1979, the financial condition of the City was such that the Locals were in agreement that the present contracts would be extended. It is the contention of the Firemen's Local that the Pay Equalization provision was their consideration for not re-opening bargaining, and continuing to operate under the 1978 contract. In fact, it is the contention of the Firemen, although denied by the Mayor, that notice of termination of the 1978 contract was actually given and acknowledged before the addendum was agreed upon. In any event the testimony is uniform that the addendum was not discussed with the City Council, and the record reflects that no ordinance was ever adopted by the council authorizing or ratifying the addendum. The threshold question, therefore, is whether the addendum was ever legally effective.
The City of Bogalusa operates under a Mayor-Council form of Government which became effective on December 4, 1978. Section 7-05 of the City Charter is decisive of the issue presented. That section provides as follows:
`Section 7-05. Employee Representation
A. The right of the City employees to be represented by union organizations for the purpose of collective bargaining with refereence (sic) to compensation or working conditions is hereby recognized.
B. Any negotiations by the City with any such employee union representative shall be by the mayor or his designee. Final approval of any labor contracts with municipal employees shall rest with the council and shall be by ordinance.'
The addendum executed July 31, 1979 by the Mayor and the President of Local No. 687 is an amendment to an existing labor contract. It purports to make a substantial change in the original contract, granting firefighters a raise if any city employee is raised, where the original contract provided a firefighter's raise only if a departmental raise was given another city department. It therefore falls within the purview of Section 7-05(b)., and has never become operative because it has not been approved by the Council by ordinance."

ISSUE THREE
Our decision awards back pay to plaintiffs. The law regarding the firemen's receipt of back pay is set forth in DeVillier v. City of Opelousas, 247 So.2d 412 (La.App. 3d Cir. 1971). Plaintiffs' suit was filed on July 18, 1980. They are entitled to back pay on the differential issue for one year prior to the date their suit was filed.
For all the above and foregoing reasons, the judgment of the trial court is affirmed. All costs of this appeal are assessed to the defendant.
AFFIRMED.

APPENDIX
The following is that section of the contract between the City and the firefighters *467 which is pertinent to the pay differential issue:
"EXHIBIT B
It is agreed between the employer and the union that eligible employees shall be classified into pay grades as shown on the following schedule, and shall receive not less that the pay indicated thereon. The annual pay increases shown hereon are inclusive of the 2% per annum increase required by law (R.S. 33:1992).

 MONTHLY RATE
 Effective Effective Effective
Rank 8-1-77 2-1-78 6-1-78*
Firefighter (1) $619.76 $629.76 $619.76
 (2) 627.58 637.58 627.58
 (3) 660.44 670.44 660.44
 (4) 668.20 678.20 668.20
 (5) 676.40 686.40 676.40
 (6) 683.94 693.94 683.94
 (7) 699.82 709.82 699.82
 (1) Beginning Rate
 (2) Six (6) months' service.
 (3) One (1) year service
 (4) Eighteen (18) months' service
 (5) Two (2) years' service
 (6) Thirty (30) months' service
 (7) Three (3) years' service
Fire Driver $ 805.84 $ 816.29 $ 805.84
Fire Captain 874.78 887.28 874.78
Assistant Chief 1049.73 1064.73 1049.73
* The appropriate longevity will be added to this rate.
If the span between ranks develop in such a manner to
be out of line with the percentages set forth in the Fire
and Police Civil Service Law, the salaries which are out
of line will be adjusted upward to bring them in line.
(a) Fire Driver: 15% above the highest Firefighter; (b)
Fire Captain: 25% above the highest Firefighter; and
(c) Assistant Chief: 50% above the highest Firefighter.
Note  The Union reserves the right to negotiate Exhibit
B for the period August 1, 1978 through July 31,
1979."

If the differentials were applied to the beginning firefighter's minimum salary, as of June 1, 1978, a driver would only make a minimum salary of $717.72:

 $619.76 $619.76
 15% + 92.96
 ________ _______
 $92.96 $712.72

Since the firefighter ranked No. 7 is making a minimum salary of $699.82, the result would be that there would be little significant difference (only $12.90) between a firefighter and a driver.

$712.72
-699.82
_______
$ 12.90

This does not take into account the 2% annual raise provided for in La.R.S. 13:1992, which often times would result in the firefighter making a higher salary than a driver.
When the differential is applied to the minimum salary of the highest ranked firefighter (No. 7), the intent of the statute to provide for a 15% differential and the intent of the contract to do same, is accomplished.

 $699.82 $699.82
 15% +104.97
 ________ _______
 $104.97 $804.79

NOTES
[1] The rank of driver in the Bogalusa system is the equivalent of the rank of lieutenant as listed in La.R.S. 33:1992.
[2] See appendix.