I-i SAUNDERS, Judge.
This matter arises from a suit brought by senior police officers of the City of Abbeville against the City of Abbeville under La.R.S. 33:2212(F), which sets forth a tier system for .the salaries of senior officers based on a certain percentage of the minimum salary of entry level police officers. The senior officers claimed the minimum starting salary for entry level police officers had increased, yet their salaries had not been properly increased to reflect the percentages required by the statute. From the trial court’s decision against them, the senior officers bring this appeal. We reverse and remand.

FACTS

li>On February 7, 1995, the City of Abbe-ville, (Defendant), in a city council meeting approved a plan, effective February 25, 1995, to supplement the salaries of starting police officers in an effort to attract more applicants to the force. Senior officers, (Plaintiffs), of the City of Abbeville brought suit claiming that the supplements, in effect, raised the minimum or base starting salary for beginning police officers, which thereby created a need to increase the salaries of Plaintiffs in order to remain in line with the salary differentials of La.R.S. 33:2212(F). On June 8, 1995, after suit was filed, the City Council of Abbeville convened in a special meeting during which the supplemental payments were rescinded. Plaintiffs also claimed that on January 1, 1995, all starting police officers received a 2% pay increase, which was not given to senior officers in contravention of the statute. While there is no record of any action taken by the Defendant to enact this 2% increase, it is uncontested that starting officers received this *1230 increase beginning in January 1996 and paid continuously through the present.
Defendants filed a peremptory exception of no right of action and succeeded in having eight of the petitioning officers dismissed. The remaining plaintiffs include Joseph Boneski, II, Eddie Comer, Calvin Guidry, David Hardy, Tony Hardy, Dwayne Hebert, Greg Hebert, Lester Lu-quette, and Shawn Ramke.
The parties submitted briefs on the matter for the trial court, with the sole issue, as asserted by Plaintiffs, being the interpretation of La.R.S. 33:2212(F). The trial court found the statute clearly and unambiguously set forth that the actual minimum pay of starting police officers was not the measure for senior officer salaries.

\JLAW AND ANALYSIS

I. Assignment of Error No. 1:

Plaintiffs argue the lower court erred when it failed to consider the actual minimum pay of entry level police officers employed by the Defendant, thereby eroding the statutorily mandated percentage differentials between the various pay levels of the Abbeville officers’ ranks.
The pertinent statute is La.R.S. 33:2212(F), which provides:
F. (1) Notwithstanding the provisions of Subsections A and B of this Section, in the city of Abbeville the minimum salaries of full-time employees of the police department shall be in accordance with the following schedule:
(a) A police officer shall receive a minimum monthly salary of seven hundred sixty-six dollars and eighty cents per month.
(b) A police officer first class shall receive a minimum monthly salary of not less than fifteen percent above that of a police officer.
(c) A sergeant shall receive a minimum monthly salary of not less than twenty-five percent above that of a police officer.
(d)A lieutenant shall receive a minimum monthly salary of not less than fifty percent above that of a police officer.
(2) On and after August 1, 1982, each member of the police department of the city of Abbeville who has had three years continuous service shall receive an increase in salary of two percent and shall thereafter receive an increase in salary of two percent for each additional year of service. Both the base pay and accrued longevity shall be used in computing such longevity pay.
Plaintiffs assert Hemphill v. City of Bogalusa, 417 So.2d 462 (La.App. 1 Cir.1982), to support their argument. In Hemphill, the issue arose concerning how differential percentages in La.R.S. 33:1992, a statute similar to La.R.S. 33:2212(F) which regulates firemen’s wages, should be applied. The reviewing court cited the trial court’s explanation:
Even though the percentage differentials are for minimum salaries, the differentials are applicable from the minimum actually paid firemen by the municipality where that minimum exceeds the $400.00 minimum Lestablished by the statute. The statute clearly intends to establish percentage differentials between the minimum wages of different classes of firefighters. If the percentage differential were applied only to the $400.00 figure of R.S. 33:1992(1), which has not been amended since 1969, clearly in every fire department in the state the differential would be eliminated by the increase of the minimum salary paid firemen.
Id. at 465.
The Hemphill court concluded where the statutory minimum salary no longer reflected the current minimum salary, the minimum salary actually paid was the correct base. Plaintiffs also cite Achord v. City of Baton Rouge, 489 So.2d 1373 (La. App. 1 Cir.), writ denied, 493 So.2d 641 (La.1986), cert. denied, 480 U.S. 932, 107 *1231 S.Ct. 1570, 94 L.Ed.2d 762 (1987), where the first circuit held that to determine whether the salary differentials were maintained according to the statute, monthly salaries, not hourly wages, of the respective parties determined compliance with La.R.S. 33:1992(9). In Achord, the court found La.R.S. 33:1992(9) statutory requirements met where the monthly salary of the dispatchers was at least twenty-five percent above that received by firefighters.
In Levy v. Civil Service Commission of New Orleans, 542 So.2d 1385 (La.1989), the supreme court reversed the fourth circuit, which ruled, pursuant to La.R.S. 33:1992 requiring class members’ minimum wages shall be not less than twenty-five percent above that of firemen, class members were entitled to twenty-five percent above the minimum wage of firemen, not wages firemen actually received. The supreme court reinstated the trial court’s decision which held that the plaintiffs were entitled to adjustment of their monthly salaries in compliance with the pay ranges and schedules established by La.R.S. 33:1992 in such a manner that each class member will receive the statutory increase relative to the corresponding firefighter’s pay range and pay step under the Civil Service Pay Plan. Levy v. Civil Service Commission of New Orleans, 538 So.2d 674 (La.App. 4 Cir.1989).
| ¡¿Finding no ambiguity in the language of La.R.S. 33:2212(F) and also finding that no interpretation was needed, the trial court, in his reasons, concluded that:
Although LSA-R.S. 33:2212(F)(1) does not prohibit the CITY in its judgment from paying those employees more than the “minimum,” the court finds that neither does the statute require, in any manner, payment of more than the “minimum.” It does not prohibit the CITY from paying different amounts of salary, as long as no such employee is paid less than the “minimum” set forth in subsections (a) through (d) of LSA-R.S. 33:2212(1)....
This analysis clearly disregards the supreme court’s rejection of this approach. Defendant concedes that La.R.S. 33:2212(F) requires that the rank differentials be computed based upon actual salaries of the police officers. Appellate review of legal error is discussed in Evans v. Lungrin, 97-0541 (La.2/6/98); 708 So.2d 731, 735, (citations omitted):
A legal error occurs when a trial court applies incorrect principles of law and such errors are prejudicial. Legal errors are prejudicial when they materially affect the outcome and deprive a party of substantial rights. When such a prejudicial error of law skews the trial court’s finding of a material issue of fact and causes it to pretermit other issues, the appellate court is required, if it can, to render judgment on the record by applying the correct law and determining the essential material facts de novo.
Defendant argues that even if Plaintiffs’ argument asserting the misinterpretation of La.R.S. 33:2212(F) is successful, Plaintiffs’ claims fail regardless. On June 8, 1995, the Abbeville City Council rescinded the supplemental payments it had approved on February 7,1995, when it decided the supplemental payments it gave to attract applicants to the Abbeville Police Department violated Article 7, § 14(A) of the 1974 Louisiana Constitution which proscribes such payments, to wit:
Except as otherwise provided by this constitution, the funds, credit, property, or things of value of the state or of any political subdivisions shall not be loaned, pledged, or donated to or for any person, association, or corporation, public or private.
1 ¡¡Defendant cites McElveen v. Callahan, 309 So.2d 379 (La.App. 3 Cir.), writ denied, 313 So.2d 602 (La.1975), which held that where payments made by a marshal to his employees were in fact bonuses as distinguished from compensation for extra services or overtime, such payments were proscribed by the Constitution and were, *1232 therefore, illegal. Defendant also cites various opinions of the Attorney General to support that monthly bonuses paid to starting police officers made regardless of time worked or services performed are prohibited by our Constitution. While it is an uncontested fact that no extra work, services, or duties were required of the officers to receive the monthly supplement, we disagree with Defendant’s arguments that the salary supplements were bonuses. Rather, it seems clear that the supplements were actually salary increases made to entice new officers to join the police force. We further disagree with Defendant’s argument that reimbursement to the officers would be illegal retroactive salary increases. The effect of the supplement is nothing more than an increase in the starting salary for police officers. The reality is that Plaintiffs were due that salary increase the day it was implemented, February 25, 1995, through the date of its revocation, June 18, 1995. Plaintiffs’ salary has not now just become due; Defendants are merely delinquent in their failure to pay Plaintiffs timely. Hence, we find legal and prejudicial error and find in favor of Plaintiffs.

II. Assignment of Error No. 2:

Plaintiffs allege the trial court also erred when it misinterpreted La.R.S. 33:2212(F) to deprive senior officers of their statutorily mandated longevity pay and eroded the statutory salary percentage differentials. This assignment is addressed in our finding that the actual minimum pay of a starting police officer is the measure to set the differentials as per Levy. This readily prevents the erosion of the salary differentials Plaintiffs fear.

CONCLUSION

|7We find legal error in the trial court’s judgment disregarding the supreme court’s mandate in Levy that La.R.S. 33:2212(F) applies to ensure that the salary differentials of these senior officers’ must reflect the appropriate percentage based on the minimum actual salary of starting police officers.

DECREE

In light of the foregoing, we reverse the lower court’s judgment which denied relief to Plaintiffs, Joseph Boneski, II, Eddie Conner, Calvin Guidry, David Hardy, Tony Hardy, Dwayne Hebert, Greg Hebert, Lester Luquette, and Shawn Ramke. We remand this matter for determination of the payments due Plaintiffs, plus interest from the date of judicial demand. Costs are to be borne by Defendant.
REVERSED AND REMANDED.