Dear Chief Fontenot:
Your question to this office is in reference to the correct calculation of minimum salaries paid police officers employed by municipalities whose population is between seven and twelve thousand. You suggest that the salaries of police officers, i.e., sergeant, lieutenant, captain, major, and assistant chief of police, are to be calculated on a percentage increase between ranks.
Such an interpretation is in contradiction to the precise wording of R.S. 33:2212.1, which provides:
 § 2212.1. Minimum salaries; municipalities between seven and twelve thousand population
 A. Except as otherwise provided by law, the governing body of each municipality having a population of not less than seven thousand nor more than twelve shall pay each employee of its police department a salary of not less than the minimum rate of pay established in accordance with the grades, ranks or classes of positions as provided in this Section.
 B. The minimum monthly salary to be paid any full time employee of a police department shall be three hundred dollars, and for officers of the grades listed below shall be as hereinafter set forth:
 (1) Each employee of the police department employed in the position, grade or class of sergeant, not less than three hundred and thirty dollars per month. *Page 2 
 (2) Each employee of the police department employed in the position, grade or class of lieutenant, not less than three hundred and forty-five dollars per month.
 (3) Each employee of the police department employed in the position, grade or class of captain, not less than three hundred and seventy-five dollars per month.
 (4) Each employee of the police department employed in the position, grade or class of major, not less than four hundred and five dollars per month.
 (5) Each employee of the police department employed in the position, grade or class of assistant chief of police, not less than four hundred and twenty dollars per month.
R.S. 33:2212.1 makes no provision for salaries based on percentage increases between ranks or pay differentials for police personnel.
In contrast, and solely for the purposes of illustration, we direct your attention to R.S. 33:1992, providing for the salaries paid firefighters in municipalities having a population of twelve thousand or more. R.S. 33:1992(A) states in pertinent part:
 § 1992. Minimum salaries
 A. The minimum monthly salaries of firemen in municipalities having a population of twelve thousand or more and of all parish and fire protection district paid firemen, including salaries payable out of the avails of any special tax provided by the Constitution of Louisiana for increasing the pay of firemen, shall be in accordance with the following schedule, and such salaries shall be paid semi monthly not later than the fifth and twentieth day of each calendar month:
 (1) A fireman shall receive a minimum monthly salary of four hundred dollars per month.
 (2) Engineers shall receive a minimum monthly salary of not less than ten percent above that of a fireman.
 (3) Lieutenants shall receive a minimum monthly salary of not less than fifteen percent above that of a fireman. *Page 3 
 (4) Captains shall receive a minimum monthly salary of not less than twenty-five percent above that of a fireman.
 (5) Battalion chiefs and district chiefs shall receive a minimum monthly salary of not less than forty percent above that of a fireman.
 (6) Assistant chiefs and deputy chiefs shall receive a minimum monthly salary of not less than fifty percent above that of a fireman.
 (7) A mechanic or assistant mechanic, or any other person doing this type of work for the fire department, shall receive a minimum monthly salary of not less that twenty-five percent above that of a fireman.
 (8) A superintendent of fire alarm system, or any other person doing this type of work for the fire department, shall receive a minimum monthly salary of not less than forty percent above that of a fireman.
 (9) A fire alarm operator or dispatcher, or any other person doing this type of work for the fire department, shall receive a minimum monthly salary of not less that twenty-five percent above that of a fireman.
 (10) A fire inspector shall receive a minimum monthly salary of not less than twenty-five percent above that of a fireman.
R.S. 33:1992(A) pertains only to firefighters (not police personnel) and mandates minimum salaries based on pay differentials between ranks. See Attorney General Opinion 04-0254, copy attached.
When a law is clear and unambiguous and its application does not lead to absurd consequences, the law shall be applied as written and no further interpretation may be made in search of the intent of the legislature. LSA-C.C. Art. 9. The words of a law must be given their generally prevailing meaning. Words of art and technical terms must be given their technical meaning when the law involves a technical matter. LSA-C.C. Art. 11.
R.S. 33:2212.1 sets forth minimum salaries in specific amounts for each rank held by a police officer. R.S. 33:2212.1 does not provide for an increase in a police officer's salary based on pay differentials between ranks. If the legislature had intended this consequence, language similar to that used in the firefighter's statute could have been adopted. *Page 4 
We hope the foregoing is helpful to you. Should you have other questions in which we may provide assistance, please contact this office.
 Very truly yours,
 CHARLES C. FOTI, JR.
 ATTORNEY GENERAL
 By: __________________________
 KERRY L. KILPATRICK
 ASSISTANT ATTORNEY GENERAL *Page 1 
OPINION NUMBER 04-0254 FEBRUARY 25, 2005
71-1-1 Municipal police and firefighters
R.S. 33:1992
When a firefighter is promoted from engineer to captain, his salary as captain is a statutorily imposed differential of twenty-five percent above that of a fireman.
Mr. Bryan C. James Rapides Parish Fire District No. 2 5104 Ransbottom Drive Alexandria, LA 71302
Dear Mr. James:
You ask this office to advise you of the statutory percentage of a firefighter's pay increase when a fireman is promoted from engineer to captain.
R.S. 33:1992(A) governs our response and provides, in pertinent part:
 § 1992. Minimum salaries
 (A) The minimum monthly salaries of firemen in municipalities having a population of twelve thousand or more and of all parish and fire protection district paid firemen, including salaries payable out of the avails of any special tax provided by the Constitution of Louisiana for increasing the pay of firemen, shall be in accordance with the following schedule, and such salaries shall be paid semi-monthly not later than the fifth and twentieth day of each calendar month:
 (1) A fireman shall receive a minimum monthly salary of four hundred dollars per month.
 (2) Engineers shall receive a minimum salary of not less than ten percent above that of a fireman.
 * * * * * * *
 (4) Captains shall receive a minimum monthly salary of not less than twenty five percent above that of a fireman.
R.S. 33:1992 mandates minimum salaries, beginning with a fireman. A firefighter's salary as he achieves a higher rank is based upon the minimum pay differentials between ranks as defined by statute. See Haskinvs. City of Lafayette, 613 So.2d 1015 (La.App. 3rd Cir. 1993), copy attached.
When a fireman is promoted to engineer, his salary as engineer is set, at a minimum, of not less than 10% (ten percent) above that of a fireman. *Page 2 
When an engineer is promoted to captain, his monthly salary is set at a minimum of 25% (twenty-five percent) above that of a fireman. As an engineer, he already makes a salary set at 10% above that of fireman. Upon his promotion to captain, he is given a 15% increase, in order to meet the minimum requirements of the statute, i.e., that a captain receive a minimum monthly salary of not less than 25% percent above that of a fireman.
Note that it is an incorrect interpretation of the statute to require that an engineer receive a twenty-five percent increase based on his current salary as an engineer when he is promoted to captain.
We hope the foregoing is helpful to you. Should you have other questions in which we may provide assistance, please contact this office.
 Very truly yours,
 CHARLES C. FOTI, JR.
 ATTORNEY GENERAL
 By: __________________________
 KERRY L. KILPATRICK
 ASSISTANT ATTORNEY GENERAL *Page 1 
Court of Appeal of Louisiana, Third Circuit.
Anthony J. HASKIN, et al., Plaintiffs-Appellants, v. The CITY OF LAFAYETTE, Defendant-Appellee.
No. 91-1380.
Feb. 3, 1993.
Firemen brought class action suit against city alleging that city was determining their salaries incorrectly and contrary to state law. The Fifteenth Judicial District Court, Parish of Lafayette, Douglas Nehrbass, J., dismissed firemen's claims, and firemen appealed. The Court of Appeal, Thibodeaux, J., held that: (1) city complied with statutory pay differentials by basing differentials on salary for entry-level fireman, and (2) firemen did not properly raise issues regarding equalization of pay within ranks and proper payment of longevity pay, and these issues were immaterial to their case.
Affirmed.
West Headnotes
[1] Municipal Corporations 199 268k199
Municipality met statutory mandate by basing pay differentials on salary of entry-level "fire fighter" rather than on salary of "fire fighter first class"; as used in statute setting minimum salary differentials based on salary of "fireman," it is not necessary that "fireman" complete any probationary period, but only that "fireman" be employed full time to perform fire fighting duties. LSA-R.S. 33:1992.
[2] Statutes 181(2) 361k181(2)
[2] Statutes 188 361k188
Court of Appeal is required to give true meaning to language of statutes and to read them in light that avoids absurd consequences. LSA-C.C. art. 9.
[3] Appeal and Error 179(1) 30k179(1)
Firemen's claims on appeal regarding issues of equalization of pay within ranks and proper payment of longevity pay were meritless, where firemen alleged nothing in their pleadings pertaining to pay subsequent to promotion or to longevity pay, firemen did not argue those issues at trial, firemen raised issues for first time in their posttrial brief, to which city objected, and issues were immaterial to firemen's class action alleging that city was determining their salaries contrary to law. LSA-R.S. 33:1992.
*1016 Avant Falcon (Floyd J. Falcon, Jr., John L. Avant), Baton Rouge, for plaintiffs-appellants.
Michael D. Hebert, Lafayette, for defendant-appellee.
Before LABORDE, THIBODEAUX and WOODARD, JJ.
THIBODEAUX, Judge.
This is a class action suit to determine the interpretation of a statute, LSA-R.S. 33:1992, which governs the minimum monthly salary of firemen in the City of Lafayette. Plaintiffs, eleven firemen employed by the City of Lafayette and having the rank of either engineer or captain, sued the City of Lafayette and claimed the city was determining their salaries incorrectly and contrary to Louisiana law. They demand back pay, interest and attorney's fees.
After recognizing it as a class action, the trial judge heard the matter and took it under advisement. He concluded that the city was paying the plaintiffs properly under the statute and dismissed plaintiffs' claims. From the judgment plaintiffs take this devolutive appeal, asserting the trial court erred in:
(1) holding salaries for engineers and captains were properly based on that of an entry level fireman;
(2) finding entry level positions were not "probationary positions;" and,
(3) not following jurisprudence requiring a proper increase in salary upon promotion of an individual from either fireman first class or engineer. For the following reasons, the judgment is affirmed.
 FACTS
The facts of this case are mostly undisputed. The *Page 2 
dispute lies in the interpretation of LSA-R.S. 33:1992. The statute provides for salary differentials for the different ranks of the city's firefighters. Specifically, the individuals with the rank of either captain or engineer believed the city was erroneously basing their respective pay differentials on the salary of an entry level fireman.
The majority of facts were stipulated at trial and most of the evidence was filed as joint exhibits. The crucial testimony of Mr. James Walker, the Pay Plan Administrator for the city, was submitted by deposition. After brief witness testimony was offered, the trial judge took the matter under advisement and rejected all of plaintiffs' claims and dismissed the suit at their costs.
 ISSUES
(1) Whether the trial court properly interpreted LSA-R.S. 33:1992 in finding the city complied with the statutory pay differentials.
(2) Whether the issues of equalization of pay within the ranks and proper payment of 2% longevity pay were properly raised by appellants.
 LAW
LSA-R.S. 33:1991 defines "firemen" as:
[A]ll persons employed or engaged full time by municipalities or municipal fire departments or by parishes or parish fire departments or fire protection districts for fire fighting or fire prevention duties and services . . .
LSA-R.S. 33:1992 sets the minimum salaries and the applicable differentials as follows:
*1017 (1) A fireman shall receive a minimum monthly salary of four hundred dollars per month.
(2) Engineers shall receive a minimum monthly salary of not less than ten percent above that of a fireman.
(4) Captains shall receive a minimum monthly salary of not less than twenty-five percent above that of a fireman.
The heart of the dispute lies in how the city defines "fireman." The city has a base salary for an entry level fireman. It is this salary upon which all differentials are calculated. In the city's nomenclature, adopted by the Lafayette Fire and Police Civil Service Board, the entry level position is "firefighter." The next level in the fireman hierarchy, as defined by the city, is "firefighter first class."
Plaintiffs argue that it is the salary of the firefighter first class which should form the benchmark for determining differentials. They claim the position of firefighter is strictly "probationary," i.e., the individual classified as such must fulfill requirements and a "working test period" before being classified as a permanent employee and obtaining the rank of firefighter first class. Because this position is "probationary," it is improper to base differentials on the salary of a firefighter because it is not the same as "fireman" as contemplated by LSA-R.S. 33:1992.
The city asserts plaintiffs' argument lacks any proof to sustain it. It claims there is no law dictating an entry level "firefighter" holds a probationary position that disqualifies him from being considered a "fireman" for purposes of the statute. The city claims "firefighter" is the basic entry position and "firefighter first class" is a step up. Both require passing a test, but the latter is ranked higher because of more experience and knowledge. They state further that one does not ascend directly to firefighter first class after completing the "probationary period" or work testing period.
Neither side included the definition of "fireman" provided by LSA-R.S.33:1991 in their arguments. It defines "fireman" as one employed full time to perform firefighting duties. Furthermore, it contemplates a ranking of firemen starting with "apprentice fireman." The "apprentice fireman" classification is comparable to the city's "firefighter" classification.
[1] LSA-R.S. 33:1992 mandates minimum salaries, starting with "a fireman." An individual holding that position obviously receives the lowest pay of all the ranks. All the differentials are based on a percentage above that of "a fireman." It does not require the "fireman" to complete an alleged "probationary period." When LSA-R.S. 13:1991 and 1992 are read together, what is necessary for an individual to be paid the minimum for a "fireman" is that one be employed full time and perform the requisite duties. *Page 3 
Thus, if the basis for differentials in Lafayette is the salary of the entry level firefighter, and the firefighter is employed full time and performing the requisite duties, then the statutory mandate has been met. The trial judge found the city was basing the differentials properly on the salary of its entry level firefighters. He based his findings on the testimony of Walker. Our review of Walker's deposition confirms the trial judge's findings.
Two cases are brought to the attention of the court, Achord v. City ofBaton Rouge, 489 So.2d 1373 (La.App. 1st Cir. 1986), writ denied,493 So.2d 641 (La. 1986), cert. denied, 480 U.S. 932, 107 S.Ct. 1570, 94 L.Ed.2d 762 (1987), and Hemphill v. City of Bogalusa, 417 So.2d 462
(La.App. 1st Cir. 1982). Both cases deal with the proper calculation of differentials under the statute. Neither is directly on point; however, both superficially discuss setting salary differentials based on the salary of the highest ranked fireman. The cases state the intent of the statute was not to set the differentials based on the salary of the highest paid fireman. The court in Achord refers to the fact the statute mentions nothing about the highest paid fireman, but simply refers to "a fireman." While it should be noted the Hemphill court found the salary differentials should be based on the highest ranked firefighter, its findings were based on a contract between *1018 the firefighters and the city. The inference drawn from Hemphill is that, absent the contract, the basis for differentials should be what is actually paid the fireman. In this instance, what is actually paid a firefighter.
[2] Louisiana law requires us to give the true meaning to the language of statutes and to read them in a light that avoids absurd consequences. La.C.C. art. 9. The method of calculation by the city provides a consistent basis for determination of salary differentials. We believe that result to be true to the language and, consequently, the intent of the statute. This assignment of error is without merit.
The other issue to consider is whether or not issues regarding equalization of pay within the ranks, and proper payment of longevity pay were raised by plaintiffs in the pleadings and if not, whether such claims are immaterial to the present case. Plaintiffs have provided, in brief, argument regarding payment of individuals subsequent to promotion and improper calculation of longevity pay. The city contends plaintiffs failed to raise these issues in the pleadings and thus any evidence or argument concerning them are immaterial to the disposal of this case. We agree.
[3] Plaintiffs allege nothing in their pleadings pertaining to pay subsequent to promotion or to longevity pay. Neither can the pleadings be considered expanded to include such claims because these particular issues were not argued at trial. Plaintiffs did raise the issues in their post-trial brief to which the city objected. The trial judge, in his Reasons for Judgment, did discuss longevity pay. He found nothing wrong with its computation but, nevertheless, considered it immaterial to the case. He also found the issue of equalization of pay among the ranks immaterial. We find no merit in the claims of plaintiffs on this issue.
 CONCLUSION
For the foregoing reasons, we find the trial court did not err in finding the City of Lafayette properly calculates salary differentials based on the salary of an entry level firefighter, as mandated by LSA-R.S. 33:1992. We further find no error in the trial court in ruling that the issues of equalization of pay for firemen of the same rank and the calculation of longevity pay were immaterial to the resolution of the case. Accordingly, we affirm. All costs are charged to appellants.
AFFIRMED.
613 So.2d 1015
 END OF DOCUMENT *Page 4 
Court of Appeal of Louisiana, Third Circuit.
Anthony J. HASKIN, et al., Plaintiffs-Appellants, v. The CITY OF LAFAYETTE, Defendant-Appellee.
No. 91-1380.
Feb. 3, 1993.
Firemen brought class action suit against city alleging that city was determining their salaries incorrectly and contrary to state law. The Fifteenth Judicial District Court, Parish of Lafayette, Douglas Nehrbass, J., dismissed firemen's claims, and firemen appealed. The Court of Appeal, Thibodeaux, J., held that: (1) city complied with statutory pay differentials by basing differentials on salary for entry-level fireman, and (2) firemen did not properly raise issues regarding equalization of pay within ranks and proper payment of longevity pay, and these issues were immaterial to their case.
Affirmed.
West Headnotes
[1] Municipal Corporations 199 268k199
Municipality met statutory mandate by basing pay differentials on salary of entry-level "fire fighter" rather than on salary of "fire fighter first class"; as used in statute setting minimum salary differentials based on salary of "fireman," it is not necessary that "fireman" complete any probationary period, but only that "fireman" be employed full time to perform fire fighting duties. LSA-R.S. 33:1992.
[2] Statutes 181(2) 361k181(2)
[2] Statutes 188 361k188
Court of Appeal is required to give true meaning to language of statutes and to read them in light that avoids absurd consequences. LSA-C.C. art. 9.
[3] Appeal and Error 179(1) 30k179(1)
Firemen's claims on appeal regarding issues of equalization of pay within ranks and proper payment of longevity pay were meritless, where firemen alleged nothing in their pleadings pertaining to pay subsequent to promotion or to longevity pay, firemen did not argue those issues at trial, firemen raised issues for first time in their posttrial brief, to which city objected, and issues were immaterial to firemen's class action alleging that city was determining their salaries contrary to law. LSA-R.S. 33:1992.
*1016 Avant Falcon (Floyd J. Falcon, Jr., John L. Avant), Baton Rouge, for plaintiffs-appellants.
Michael D. Hebert, Lafayette, for defendant-appellee.
Before LABORDE, THIBODEAUX and WOODARD, JJ.
THIBODEAUX, Judge.
This is a class action suit to determine the interpretation of a statute, LSA-R.S. 33:1992, which governs the minimum monthly salary of firemen in the City of Lafayette. Plaintiffs, eleven firemen employed by the City of Lafayette and having the rank of either engineer or captain, sued the City of Lafayette and claimed the city was determining their salaries incorrectly and contrary to Louisiana law. They demand back pay, interest and attorney's fees.
After recognizing it as a class action, the trial judge heard the matter and took it under advisement. He concluded that the city was paying the plaintiffs properly under the statute and dismissed plaintiffs' claims. From the judgment plaintiffs take this devolutive appeal, asserting the trial court erred in:
(1) holding salaries for engineers and captains were properly based on that of an entry level fireman;
(2) finding entry level positions were not "probationary positions;" and,
(3) not following jurisprudence requiring a proper increase in salary upon promotion of an individual from either fireman first class or engineer.
For the following reasons, the judgment is affirmed.
 FACTS
The facts of this case are mostly undisputed. The